# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                  NEWS RELEASE #050

FROM: CLERK OF SUPREME COURT OF LOUISIANA


The Opinions handed down on the **18th day of October, 2017**, are as follows:


**PER CURIAM**:


2016-K -0750      STATE OF LOUISIANA v. FAHIM A. SHAIKH (Parish of Beauregard)

Whiel it may be true that the sentence is longer than those
imposed in other cases, this fact alone does not demonstrate a
manifest abuse of discretion on the part of the trial court.
Moreover, it is important to note that while defendant received
the maximum sentence, the trial court suspended 40% of that
sentence. Thus, defendant will likely serve far less than the
five years imposed. Under the circumstances, the sentence is an
acceptable exercise of the trial court's broad discretion.
Therefore, we reinstate the sentence for simple kidnapping as
originally imposed. Because defendant argued on appeal that his
sentence for indecent behavior is excessive, which issue the
court of appeal did not reach because it vacated the underlying
conviction, see Shaikh, 15-0687, p. 24, 188 So.3d at 425
("Shaikh's assignment of error with respect to the sentence
imposed for indecent behavior of a juvenile is moot given our
reversal and vacating of same."), we remand this matter to the
court of appeal for consideration of this pretermitted claim.
REVERSED AND REMANDED

SUPREME COURT OF LOUISIANA

No. 16-K-0750

STATE OF LOUISIANA

VERSUS

FAHIM A. SHAIKH

ON WRIT OF CERTIORARI TO THE COUT OF APPEAL,
THIRD CIRCUIT, PARISH OF BEAUREGARD

**PER CURIAM**

The State charged defendant with simple kidnapping, La.R.S. 14:45, and indecent behavior with a juvenile, La.R.S. 14:81. The charges arose from an incident involving 13-year-old A.G. on April 17, 2014, after she ran away from home while her mother was out. A.G. left the house on foot with a suitcase and began walking along Highway 171 in Beauregard Parish toward a friend's house. Defendant approached A.G. in his car and offered her a ride. He took her to Dairy Queen and bought food for her. Then he took her to his apartment.

According to A.G., defendant rubbed her thigh as they sat on his couch. After A.G. complained that her mother would not let her dye her hair, defendant took her to Wal-Mart where he purchased hair dye for her and then returned to his apartment where he helped her apply it. They sat on the couch again where defendant hugged A.G., kissed her on the cheek, and tickled her. He later slapped her rear end when she stood up. Defendant also told A.G. that he loved her and offered to let her spend the night. Eventually, defendant delivered A.G. to her friend's house, where her friend's mother made the distraught child call the Beauregard Parish Sheriff's Department. Deputies, posing as A.G., arranged

through text messages to meet defendant and arrested him after he initially tried to flee from them.

A Beauregard Parish jury found defendant guilty as charged. The trial court sentenced defendant to five years imprisonment at hard labor, with two years suspended, for simple kidnapping, and to seven years imprisonment at hard labor, with three years suspended, for indecent behavior. The court of appeal vacated the conviction for indecent behavior and found that the five-year sentence for simple kidnapping was excessive. *State v. Shaikh*, 15-0687 (La. App. 3 Cir. 3/23/16), 188 So.3d 409. The appellate panel determined that there was no evidence "Shaikh attempted to get A.G. to touch him in a sexual way or that he tried to touch her breast or genitals, [no evidence] indicating that Shaikh made sexual remarks or inappropriate suggestions, [and no evidence] that he tried to take off her clothes." *Shaikh*, 15-0687, p. 16, 188 So.3d at 421. Therefore, the panel concluded that the State failed to present sufficient evidence defendant committed any "lewd or lascivious" act upon A.G. for the purpose of arousing or gratifying his sexual desires.

The court of appeal also found that the imposition of the maximum (albeit partially suspended) sentence for defendant's simple kidnapping conviction was excessive. The panel observed that "there was no evidence showing that Shaikh denied A.G. the opportunity to leave," and "no evidence that Shaikh possessed a criminal history during the fifteen years he resided in the United States." *Shaikh*, 15-0687, p. 26, 188 So.3d at 426. Thus, the panel opined that the "five-year sentence is also out of line with other sentences imposed in factually similar cases." *Id.*

We find that the court of appeal erred in both determinations. To prove defendant guilty of indecent behavior with a juvenile, the State was required to

2

prove defendant committed any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen with the intention of arousing or gratifying the sexual desires of either person. R.S. 14:81(A), (A)(1). The ages of defendant and the victim are not in dispute. In dispute is whether the evidence, when viewed in the light most favor to the State under the due process standard of *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), supports the jury's determination that defendant acted in a manner that was lewd or lascivious and intended to arouse his or A.G.'s sexual desires.

"The word 'lewd' means lustful, indecent, lascivious, and signifies that form of immorality which has relation to sexual impurity or incontinence carried on in a wanton manner." *State v. Prejean*, 216 La. 1072, 1078, 45 So.2d 627, 629 (1950). "The word 'lascivious' means tending to excite lust, lewd, indecent, obscene, relating to sexual impurity, tending to deprave the morals in respect to sexual relations." *Id.* All manner of obnoxious behavior has been held to constitute "lewd and lascivious conduct." *See, e.g., State v. Robinson*, 43,063, p. 8 (La. App. 2 Cir. 2/13/08), 975 So.2d 853, 858 (defendant groped the victim, called her "baby", and commented that he could not help himself); *State v. Guillory*, 07-0422, pp. 1–2 (La. App. 3 Cir. 10/31/07), 970 So.2d 670, 672 (teacher brushed a student's legs with papers and asked her if it tingled and how it made her feel "below"); *State v. Forbes*, 97-1839, pp. 3–4, 6–7 (La. App. 1 Cir. 6/29/98), 716 So.2d 424, 427 (finding a rational trier of fact can conclude defendant committed a lewd and lascivious act by reaching under the victim's t-shirt to touch her breasts and reaching into her underpants to touch the area below her naval near her vagina); *State v. Sturdivant*, 27,680, pp. 1–2 (La. App. 2 Cir. 2/28/96), 669 So.2d 654, 656 (a parent, while receiving a school tour, made sexual comments to a 13-year-old and then groped her); *State v. Kohl*, 524 So.2d 781, 784 (La. App. 3 Cir. 1988)

(defendant's rubbing of his beard on crotch of sleeping victims sufficient to prove violation of R.S. 14:81).

Here, defendant hugged the victim and kissed her on the cheek, but did not touch her genitals. Although courts have found that mere kissing or hugging alone does not rise to the level of lewd or lascivious, *see, e.g., State v. Louviere*, 602 So.2d 1042 (La. App. 4 Cir.1992), *writ denied*, 610 So.2d 796 (La. 1993), defendant engaged in a subtle but panoply of acts from which a jury, when viewing his conduct as a whole, could rationally find his behavior was lewd or lascivious. Notably, defendant also rubbed A.G.'s thigh, slapped her on her rear end, professed his love for her, and invited her to spend the night with him. While defendant argues that the State failed to rule out the reasonable hypothesis of innocence that by touching the girl he was merely trying to comfort an upset runaway, his verbal expression of his romantic feelings and his invitation to spend the night with him are at odds with that hypothesis. A reasonable alternative hypothesis is not one that merely "*could* explain the events in an exculpatory fashion," but one that, after viewing all of the evidence in a light most favorable to the prosecution, "is sufficiently reasonable that a rational juror could not 'have found proof of guilt beyond a reasonable doubt.'" *State v. Captville*, 448 So.2d 676, 680 (La. 1984) (quoting *Jackson v. Virginia*). Finding that the court of appeal erred in substituting its appreciation for the totality of defendant's actions and statements in their context for that of the jury, we reinstate the conviction for indecent behavior with a juvenile. *See generally State v. Bugbee*, 34,524, pp. 7–8 (La. App. 2 Cir. 2/28/01), 781 So.2d 748, 755 ("Finding that an act is lewd or lascivious depends upon the time, the place and all of the circumstances surrounding its commission, including the actual or implied intention of the actor.") (further citation omitted).

4

The State also contends that the court of appeal erred by finding defendant's simple kidnapping sentence excessive. It argues that the court of appeal substituted its own judgment of an appropriate sentence for that of the trial court without explaining what made the sentence excessive. As such, it infringed on the trial court's broad discretion. We agree. Under established Louisiana jurisprudence, a sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. *State v. Bonanno*, 384 So.2d 355, 357 (La. 1980) (further citation omitted). The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion. *State v. Cann*, 471 So.2d 701, 703 (La. 1985).

In its ruling finding the sentence excessive, the court of appeal did not find the sentence to be grossly disproportionate to the severity of the offense. It only found that the sentence was longer than sentences imposed in cases it found to be factually similar. It provided no other reason for vacating the sentence and remanded the case with a suggestion that a two-year sentence was more appropriate.

While it may be true that the sentence is longer than those imposed in other cases, this fact alone does not demonstrate a manifest abuse of discretion on the part of the trial court. Moreover, it is important to note that while defendant received the maximum sentence, the trial court suspended 40% of that sentence. Thus, defendant will likely serve far less than the five years imposed. Under the circumstances, the sentence is an acceptable exercise of the trial court's broad discretion. Therefore, we reinstate the sentence for simple kidnapping as originally imposed. Because defendant argued on appeal that his sentence for indecent behavior is excessive, which issue the court of appeal did not reach because it

5

vacated the underlying conviction, *see Shaikh*, 15-0687, p. 24, 188 So.3d at 425 ("Shaikh's assignment of error with respect to the sentence imposed for indecent behavior of a juvenile is moot given our reversal and vacating of same."), we remand this matter to the court of appeal for consideration of this pretermitted claim.

**REVERSED AND REMANDED**