# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-687

**STATE OF LOUISIANA**

**VERSUS**

**FAHIM A. SHAIKH**

\*\*\*\*\*\*\*\*\*\*

## ON REMAND
## FROM THE
## LOUISIANA SUPREME COURT

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. 2014-313
HONORABLE C. KERRY ANDERSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## PHYLLIS M. KEATY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**VACATED AND REMANDED.**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**Post Office Box 1747**
**Lake Charles, Louisiana  70602-1747**
**(337) 436-2900**
**Counsel for Defendant/Appellant:**
      **Fahim A. Shaikh**

**James R. Lestage**
**District Attorney**
**Richard A. Morton**
**First Assistant District Attorney**
**Thirty-Sixth Judicial District**
**Post Office Box 99**
**DeRidder, Louisiana  70634**
**(337) 463-5578**
**Counsel for Appellee:**
      **State of Louisiana**

**KEATY, Judge.**

As a result of the remand from the supreme court in *State v. Shaikh*, 16-750 (La. 10/18/17), __ So.3d __, we consider Defendant's pretermitted claim regarding his allegedly excessive sentence arising from his conviction for indecent behavior with a juvenile. For the following reasons, Defendant's sentence for indecent behavior with a juvenile is vacated, and the case is remanded to the trial court for resentencing.

## FACTS AND PROCEDURAL BACKGROUND

This court is familiar with the factual background in this case in light of *State v. Shaikh*, 15-68 (La.App. 3 Cir. 3/23/16), 188 So.3d 409. As the facts have not materially changed since that opinion, we adopt the facts set forth therein by reference as though set forth in full herein:

> In this criminal matter, the thirteen-year-old victim, A.G.,[1] was at her house on the morning of April 17, 2014, when her mother, Mitzi Gormanous, left with her older daughter and grandson to go shopping. A.G. did not go shopping because she was punished for inappropriate behavior. When they returned approximately an hour and a half later, A.G. was gone. This was the second time that A.G. had run away according to her mother, and following a brief search, Gormanous called the sheriff's office and reported A.G. as a runaway. A.G. was found later that day when she went to the sheriff's station with Mrs. Judith Knox.

> Mrs. Knox was the grandmother of her friend, Alexis Knox, and with whom Alexis lived. A.G.'s trial testimony indicates that on the morning in question, she planned on running away to Alexis's house. As such, she packed a bag with her clothes and began walking towards her destination. As she was walking, Shaikh, who was driving his car, stopped and asked A.G. if she needed a ride. A.G. obliged and asked to be taken to Alexis's house. Since Alexis was not going to be home until later that day, Shaikh and A.G. went to the Dairy Queen drive-through to get food, went to Shaikh's friend's apartment, ran other errands, and finally ended up at Alexis's house. A.G. alleged that during this time, Shaikh kissed her cheek, tickled her, slapped her butt, and professed his love for her.

As a result, Shaikh was charged on June 12, 2014 with one count of simple kidnapping, a violation of La.R.S. 14:45, and one count of indecent behavior with a juvenile, a violation of La.R.S. 14:81. Following a three-day jury trial which began on February 23, 2014, Shaikh was convicted as charged. Shaikh subsequently filed a Motion for New Trial and a Motion for Post-Verdict Judgment of Acquittal Pursuant to Code of Criminal Procedure Article 821, which the trial court summarily denied on April 2, 2014.

On April 13, 2014, Shaikh was sentenced to five years, with two years suspended, on the simple kidnapping conviction. As to the indecent behavior with a juvenile conviction, he was sentenced to seven years with three years suspended. Both sentences were ordered to be served concurrently with Shaikh receiving credit for time served, for a total of four years of incarceration and five years of supervised probation upon release. He was also ordered to pay a fine of $2,500 on each count, plus court costs. The general conditions of probation were ordered, along with $500 to be paid to the Criminal Court Fund, $300 for cost of prosecution, and $300 to the Public Defender's Fund. The fines, fees, and costs were ordered by the trial court to be paid on a twenty-four month payment plan. Shaikh subsequently filed a Motion to Reconsider Sentence which was denied by the trial court on May 4, 2015.

_____
[1]The victim's initials are used to protect the victim's identity as required by La.R.S. 46:1844(W).

*State v. Shaikh*, 188 So.3d at 412.

Defendant perfected a timely appeal, following which this court vacated his conviction and sentence for indecent behavior with a juvenile, finding that there lacked sufficient evidence. *State v. Shaikh*, 188 So.3d 409. We further held that Defendant's sentence arising from his conviction for simple kidnapping was constitutionally excessive and, as such, vacated the sentence and remanded the matter to the trial court for resentencing. *Id*. The supreme court subsequently reinstated Defendant's conviction for indecent behavior with a juvenile as well as reinstated his sentence for simple kidnapping, as originally imposed. *State v. Shaikh*, ___So.3d___. It remanded the matter to this court to address Defendant's pretermitted claim that the maximum sentence imposed on his conviction for

2

indecent behavior with a juvenile is constitutionally excessive. *Id.* We now address the pretermitted claim.

## DISCUSSION

Defendant contends that the maximum sentence imposed on his conviction for indecent behavior with a juvenile is excessive considering the circumstances of the case and because he is a first-time felony offender. He argues that maximum sentences, even if imposed concurrently, are reserved for the most serious of offenses and the worst offenders.

In this case, Defendant was convicted of indecent behavior with a juvenile, a violation of La.R.S. 14:81, which provides for a sentencing range of imprisonment of not more than seven years, with or without hard labor. La.R.S. 14:81(H)(1). He was also convicted of simple kidnapping, a violation of La.R.S. 14:45, which provides for a range of imprisonment of not more than five years, with or without hard labor. La.R.S. 14:45(B). Defendant received the maximum sentence for each offense.

With regard to the maximum sentence imposed on the conviction for indecent behavior with a juvenile, the trial court noted at the sentencing hearing that Defendant had no criminal history. It further discussed the range of punishment for the offenses of which Defendant was convicted, as follows:

> Well, let me dispel that situation. I do not find the evidence -- I do not find that that version of events is what happened on this occasion. I heard all of the evidence, and I do not feel that Mr. Shaikh thought that this was a traveling salesperson. I believe that more likely the situation that was described is that Mr. Shaikh saw this young girl walking down the side of the road and made an intentional decision to turn around.
>
> And, thankfully for this young lady, Mr. Shaikh is a very meek and mild-mannered person who only took this as far as the young victim allowed it to go. And my belief is that it would have gone, on

3

the other hand, as far as -- Mr. Shaikh would have taken this as far as the young victim would have allowed it to go.

> Now, I'm not going to sentence Mr. Shaikh based upon what he might have done or what he could have done. He was convicted of these two charges based upon the evidence that was presented; and so I'm going to sentence him based upon what he did do, not what he might have done. And I do not believe that that merits the maximum penalty of two maximum sentences run consecutive. It certainly deserves punishment, lengthy prison sentences, to make sure that it doesn't happen again and that Mr. Shaikh understands that this kind of conduct is unacceptable.

The trial court imposed the maximum sentence of seven years' imprisonment at hard labor, with three years of Defendant's sentence suspended, on his conviction for indecent behavior with a juvenile.

While discussing a maximum sentence imposed on a conviction for indecent behavior with a juvenile, this court in *State v. Whatley*, 06-316, pp. 4-5 (La.App. 3 Cir. 11/2/06), 943 So.2d 601, 605, *writ denied*, 06-2826 (La. 8/31/07), 962 So.2d 424, noted:

> The initial seven-year sentence was the maximum incarceration sentence that could be imposed for the offense of indecent behavior with a juvenile. La.R.S. 14:81(C). In vacating that sentence in [*State v.*] *Whatley I*, [03-1275 (La.App. 3 Cir. 3/3/04), 867 So.2d 955], we set out the standard of appellate review of a claim for excessive sentence as follows:

>> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. "'[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.'" *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217,

4

225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

The fifth circuit, in [*State v.*] *Lisotta*, [98-648 (La.App. 5 Cir. 12/16/98),] 726 So.2d [57] at 58, [*writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183,] stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:

1. The nature of the crime,

2. The nature and background of the offender, and

3. The sentence imposed for similar crimes by the same court and other courts.

*Whatley*, 867 So.2d at 958-59 (first two alterations in original).

In *Whatley I*, 867 So.2d 955, this court vacated the defendant's maximum seven-year sentence based upon its finding that it was excessive. On remand, the trial court sentenced the defendant to five years' imprisonment at hard labor, with eighteen months suspended. *State v. Whatley*, 943 So.2d 601. In subsequent appeals, the defendant claimed the sentence was excessive. *Id.*; *State v. Whatley*, 04-724 (La.App. 3 Cir. 12/8/04), 888 So.2d 1166 (unpublished opinion) ("*Whatley II*"); *State v. Whatley*, 05-221 (La.App. 3 Cir. 12/30/05), 918 So.2d 1218 (unpublished opinion) ("*Whatley III*"). The matter was remanded back to the trial court on technical errors without getting to the merits of whether the sentence was excessive. *State v. Whatley*, 943 So.2d 601. In *Whatley*, 943 So.2d 601, this court finally addressed the merits of whether the imposition of a five-year sentence with eighteen months suspended was excessive. This court, discussing the *Lisotta* factors, stated:

5

The offense of indecent behavior with a juvenile is a heinous crime. It involves the use of innocent children to satisfy the sexual desires of an adult and requires the commission of a "lewd or lascivious act" upon, or in the presence of the child. La.R.S. 14:81. In this case, the defendant fondled the victim's breasts and buttocks. Clearly, society finds such activity inexcusable. Still, the legislature has seen fit to limit the incarceration penalty to a maximum of seven years at hard labor, and as previously stated, the maximum penalty is reserved for the worst offenders. *Farhood*, 844 So.2d 217.

The Defendant was fifty-three years old at the time of the offense and apparently had led a crime-free life. While the evidence indicates that he did use some physical restraint of the victim, the offense entailed no physical violence. Additionally, despite the clear opportunity to do so, the defendant did not attempt to press his physical and timing advantage on his victim. Instead, after she rebuffed his advances, he left. The nature of the Defendant's touching, although inexcusable, is not compatible with the degree of touching associated with those cases in which the courts have chosen to render a maximum sentence.

In this case, the trial court "considered deeply the psychological impact" the defendant's actions had on the victim. However, the record reflects that the victim admitted that she was already "somewhat depressed" at the time of the incident because of the recent deaths of her great-grandmother, uncle, and a close family friend. In fact, the victim had seen a physician in April of 2002, or two months before the offense, for "depressive behavior."

*Id*. at 959.

In concluding that the Defendant's offense did not warrant a maximum sentence, we considered a number of decisions upholding maximum or near-maximum sentences imposed on an individual convicted of indecent behavior with a juvenile and concluded that the acts justifying those sentences were far more severe than the acts supporting the Defendant's conviction.

We supplemented this list in *Whatley II* with cases involving sex crimes against a child wherein the sentences ranged from five years at hard labor to one and one-half years at hard labor. All of these cases also included acts far more severe than those supporting the Defendant's conviction. Additionally, we made the following

6

comment concerning the trial court's obligation in resentencing the defendant:

> Because we vacate the sentence in its entirety, the trial court is not bound to merely correct the restitution error and resentence the defendant to the same five-year sentence. Instead, the trial court is free to formulate a sentence that is consistent with the prior instructions of this court. . . . If the trial court concludes that an incarceration sentence is applicable, it should consider the factual situations in the cases cited in *Whatley*, 867 So.2d 955, and compare the sentences imposed in those matters to the undisputed facts of this litigation.

*Whatley*, 05-0221, p. 3 (La.App. 3 Cir. 12/30/05), 918 So.2d 1218.

*Whatley*, 943 So.2d at 605-07 (footnotes omitted).

In *Whatley I*, 867 So.2d at 958, this court set out cases where the maximum sentences were imposed on convictions for indecent behavior with a juvenile, as follows:

> A review of the jurisprudence of this state establishes that numerous decisions have been rendered upholding maximum or near-maximum sentences imposed on individuals convicted of a single count of indecent behavior with a juvenile. However, each of these cases contain factual elements significantly different from the matter before us. *See State v. Delgado*, 03-46 (La.App. 3 Cir. 4/30/03), 845 So.2d 581 (upholding a near-maximum sentence where a twenty-one-year-old second felony offender was found naked in bed with a thirteen-year-old victim); *State v. Kirsch*, 02-0993 (La.App. 1 Cir. 12/20/02), 836 So.2d 390 (upholding a maximum sentence where a neighbor and close family friend exposed the eight-year-old victim to sexually explicit material and comments, removed her clothes and viewed her "private parts," and touched her vaginal area through her clothing), *writ denied*, 03-0238 (La. 9/5/03), 852 So.2d 1024; *State v. Jordan*, 98-101 (La.App. 3 Cir. 6/3/98), 716 So.2d 36 (upholding a maximum sentence where a sixty-nine-year-old wheelchair bound man originally charged with aggravated oral sexual battery and aggravated crimes against nature of a three-year-old neighbor benefitted from a plea bargain); *State v. Lisotta*, 98-646 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (upholding a near maximum sentence where a teacher played pornographic movies for his sixteen-year-old-victim and, on one occasion, removed her clothing, inserted his fingers in her vagina, and told her he was going to have sex with her), *writ denied*, 99-0433 (La. 6/25/99), 745 So.2d 1183; *State v. Armstrong*, 29,942 (La.App. 2 Cir. 10/29/97), 701 So.2d 1350

(upholding a maximum sentence where a step-grandfather fondled a nine-year-old victim on two separate occasions as she visited in his home).

In this case, there was no evidence that Defendant had a criminal history during the fifteen years he resided in the United States, nor was there testimony that he used any physical restraint or made any attempt to press his physical advantage on the victim. Although there was touching, a pat on the buttocks, a kiss on the cheek, and tickling, the degree of touching was not comparable with the touching in the above cited cases wherein the courts imposed a maximum sentence. Furthermore, there was no testimony indicating that the victim suffered any great psychological injury. In the hour-long videotaped statement given by the victim, she briefly told the interviewer about her afternoon with Defendant. She spent the remainder of the interview discussing her boyfriend. As such, we find that the trial court abused its discretion when it imposed the maximum sentence regarding Defendant's conviction for indecent behavior with a juvenile. We remand the matter to the trial court to render a sentence on the conviction for indecent behavior with a juvenile in conjunction with the *Lisotta* factors set out above.

### DECREE

The sentence imposed on Defendant, Fahim A. Shaikh, for his conviction of indecent behavior with a juvenile is constitutionally excessive. We vacate his sentence and remand the matter to the trial court for resentencing in accordance with this opinion.

**VACATED AND REMANDED.**