STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 KA 0231

STATE OF LOUISIANA

VERSUS

JAVONTE EARL NEWMAN

Judgment Rendered: ___NOV 1 3 2024___

Appealed from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket No. 4237-F-2019

The Honorable Richard A. Swartz, Jr., Judge Presiding

| | |
|---|---|
| J. Collin Sims<br>District Attorney<br>Butch Wilson<br>Assistant District Attorney<br>Covington, Louisiana | Counsel for Appellee,<br>State of Louisiana |
| Mary Constance Hanes<br>New Orleans, Louisiana | Counsel for Defendant/Appellant,<br>Javonte Earl Newman |
| Javonte Earl Newman<br>Cottonport, Louisiana | Defendant/Appellant,<br>*Pro Se* |

BEFORE: WOLFE, MILLER, AND GREENE, JJ.

**MILLER, J.**

The defendant, Javonte Earl Newman, also known as Javon Newman, was charged by bill of information with armed robbery, in violation of La. R.S. 14:64(A).[1] He pled not guilty. Following a jury trial, the defendant was found guilty as charged. The trial court denied the defendant's motions for new trial and for post-verdict judgment of acquittal and sentenced him to thirty-six years imprisonment at hard labor to be served without benefit of probation, parole, or suspension of sentence. The defendant filed a motion to reconsider sentence, which the trial court denied.

The defendant now appeals, designating one counseled assignment of error. The defendant also filed a *pro se* brief, contending that his criminal history does not justify his sentence in what we designate *pro se* assignment of error number six. The *pro se* brief further assigns error to the State's contentions that he ran from the scene of the robbery and hid, that he showed a lack of emotion during the offense and in his recorded interview, and that his statement that the co-defendant was known to carry a knife proved he had knowledge the co-defendant had a weapon during the robbery. These arguments are designated as *pro se* assignments of error numbers one, two, and three. The defense of intoxication during the commission of the robbery is designated as *pro se* assignment of error number four. The defendant argues he posed no physical threat to the victim in what we designate as *pro se* assignment of error number five and ineffective assistance of counsel is presented in what we designate as *pro se* assignment of error number seven.[2] For the following reasons, we affirm the conviction and the sentence.

---

[1]The co-defendant, Anthony Matthew Earle, was charged in the same bill of information with armed robbery. The co-defendant's last name is sometimes referenced as "Earl" in the record.

[2]The law affords *pro se* litigants some leeway and patience in the form of liberally construed pleadings. Labranche v. Landry, 2022-0461 (La. App. 1st Cir. 12/15/22), 357 So. 3d 395, 399 n.3.

## FACTS

On October 29, 2019, at approximately 5:00 a.m., Ashley Hodge was working at the Circle K store located off Highway 11 (Pontchartrain Drive) in Slidell. As Ms. Hodge was getting ready for her regular morning customers, two men ran into the store wearing jumpsuits and orange ski masks. According to Circle K's video surveillance footage which was played at trial, one of the two men, later identified as Anthony Matthew Earle, was holding what appeared to be a box cutter in his hand. Mr. Earle went behind the counter, grabbed Ms. Hodge by her neck, demanded that she give him the money, and instructed her to open up the safe. Ms. Hodge "popped" open the cash register drawer, stepped back, and held her hands in the air. Mr. Earle took all the cash out of the register while the defendant grabbed cigarettes, and the two men fled from the store.

On the date in question, Richard Elam lived near the Circle K store. When Mr. Elam exited his home around 5:00 a.m. to leave for work, he observed a white Volkswagen Jetta parked in his driveway. Mr. Elam approached the vehicle. Seeing no one inside, he took a picture of the vehicle's license plate using his cellular phone. At that point, one of the robbers ran up to the vehicle from the direction of the Circle K and yelled at Mr. Elam to get away from the parked vehicle. A few seconds later, a second man walked up to the parked vehicle. When Mr. Elam observed that both men were wearing ski masks and gloves, he eased back between the gate. The two men entered the vehicle and drove away. The vehicle and this interaction were captured on Mr. Elam's home video surveillance, which was turned over to the police.

The Volkswagen Jetta was registered to Mr. Earle's girlfriend, Jacqueline Guiterrez, who resided at Harborside Apartments. Officers with the St. Tammany Parish Sheriff's Office (STPSO) located the Volkswagen in the parking lot of Harborside Apartments. After obtaining a search warrant, officers arrested the

defendant and Mr. Earle, who were both inside Ms. Guiterrez's apartment, and transported them to the STPSO. After being advised of his Miranda rights,[3] the defendant participated in a videotaped interview wherein he admitted to participating in the robbery.

**Counseled Assignment of Error/*Pro se* Assignment of Error Number Six**

In the counseled assignment of error, the defendant argues his thirty-six-year sentence for armed robbery is excessive under the circumstances of this case. The defendant alleges he thought he and his co-defendant were going to disguise themselves and grab things such as cigarettes. The defendant alleges he did not know the co-defendant would use a weapon during the robbery. As such, the defendant asserts his sentence is grossly disproportionate to the seriousness of the offense and his role in it. He further asserts the trial court did not individualize his sentence.

In his *pro se* brief, the defendant argues the trial court did not determine his specific criminal history. In his *pro se* filings, however, the defendant conceded that he had a criminal history, indicating that his "first offense" was theft of a firearm and his "second conviction" was two counts of bank fraud. He asserted the specifics of his prior convictions should be considered because the dates of the bank fraud and the underlying armed robbery were four months apart.

Both the United States and Louisiana constitutions prohibit the imposition of excessive or cruel punishment. U.S. Const. amend. VIII; La. Const. art. I, § 20. The imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against excessive punishment. See State v. Sepulvado, 367 So. 2d 762, 767 (La. 1979). A sentence is unconstitutionally excessive if it is grossly disproportionate to the severity of the offense or constitutes nothing more than a needless infliction of pain and suffering. State v.

---

[3]Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

4

Shaikh, 2016-0750 (La. 10/18/17), 236 So. 3d 1206, 1209 (*per curiam*). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks one's sense of justice. State v. Weaver, 2001-0467 (La. 1/15/02), 805 So. 2d 166, 174. It is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." State v. Cook, 95-2784 (La. 5/31/96), 674 So. 2d 957, 958 (*per curiam*), cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Louisiana Code of Criminal Procedure article 894.1 sets forth the factors for the trial court to consider when imposing sentence. While the entire checklist of La. C.Cr.P. art. 894.1 need not be recited, the record must reflect the trial court adequately considered the criteria. In light of the criteria noted in Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. See State v. Brown, 2002-2231 (La. App. 1st Cir. 5/9/03), 849 So. 2d 566, 569. The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Article 894.1. State v. Lanclos, 419 So. 2d 475, 478 (La. 1982); State v. Graham, 2002-1492 (La. App. 1st Cir. 2/14/03), 845 So. 2d 416, 422.

The trial court should review the defendant's personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services other than confinement. See State v. Jones, 398 So. 2d 1049, 1051-1052 (La. 1981); State v. Spikes, 2017-0087 (La. App. 1st Cir. 9/15/17), 228 So. 3d 201, 204-

5

205. The trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Scott, 2017-0209 (La. App. 1st Cir. 9/15/17), 228 So. 3d 207, 211, writ denied, 2017-1743 (La. 8/31/18), 251 So. 3d 410. On appellate review of a sentence, the relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. State v. Anderson, 2022-0587 (La. App. 1st Cir. 12/22/22), 357 So. 3d 845, 852, writ denied, 2023-00352 (La. 9/6/23), 369 So. 3d 1267.

Louisiana Revised Statutes 14:64(B) provides: "[w]hoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence." Here, the trial court imposed a thirty-six-year sentence for the armed robbery, which is less than one-half of the maximum sentence. In sentencing the defendant, the trial court stated:[4]

> The sentencing factors contained in Code of Criminal Procedure Article 894.1 include an issue of whether or not the offender used threats of or actual violence in the commission of the offense, whether or not a dangerous weapon was used in the commission of the offense, whether or not there was a substantial risk of harm to the victim in connection with the offense.

> Further, there's an issue of whether or not there's an undue risk that during the period of a suspended sentence or probation the defendant would commit another crime.

> I think all of those factors have been met, as the defendant has a criminal history. Further, a lesser sentence would deprecate the seriousness of the defendant's crime in this case.

Even for first offenders, which the defendant is not, the Louisiana Supreme Court has found that a sentence "within the thirty-five to fifty-year range ... [is] acceptable" for an armed robbery conviction. See State v. Smith, 2001-2574 (La.

---

[4]At the sentencing hearing, the defense submitted a letter to the trial court from the defendant's mother, Hazel Newman.

1/14/03), 839 So. 2d 1, 4. In Smith, the Supreme Court found the trial court did not abuse its broad sentencing discretion by imposing a forty-year sentence for armed robbery of a jewelry store, reversed this court's decision to vacate the defendant's sentence on grounds of excessiveness, and reinstated the sentence. See Smith, 839 So. 2d at 4-5.

At the sentencing hearing, the trial court considered the sentencing factors contained in La. C.Cr.P. art. 894.1 and specifically noted, in pertinent part, that there was an issue of whether or not the offender used threats of or actual violence in the commission of the offense, whether or not a dangerous weapon was used in the commission of the offense, and whether or not there was a substantial risk of harm to the victim in connection with the offense. The trial court further found that there was also an issue of whether or not there is an undue risk that during the period of a suspended sentence or probation that the defendant would commit another crime. The trial court found that all of these factors had been met and noted the defendant had a criminal history.[5] In addition, the trial court found that a lesser sentence would deprecate the seriousness of the offense. Based upon these factors, the trial court sentenced the defendant to serve thirty-six years imprisonment at hard labor.

Based upon our review of the record, we find the trial court adequately considered the statutory criteria outlined in Article 894.1, fully considered the range of sentencing alternatives, and individualized the sentence to the defendant for the crime for which he was convicted. Armed robbery is defined as a crime of

---

[5]To the extent that the defendant contends there is no evidence in the record of the defendant's criminal history for this court to review, as noted herein, the defendant set forth his criminal history in his *pro se* filings. On review of the sentencing transcript, we note that there was no contemporaneous objection to this finding by the trial court.

Nonetheless, we emphasize the importance of the trial court's compliance with La. C.Cr.P. art. 894.1 in articulating sufficient reasons for sentencing. See State v. Baker, 2023-0815 (La. App. 1st Cir. 4/19/24), 389 So. 3d 839, 845-846. We also recognize that "it is incumbent upon both the State and the defense counsel to call witnesses and present evidence to inform the court of the nature of the person standing before it to be sentenced." Baker, 389 So. 3d 845 n.8 (quoting State v. Aguliar-Benitez, 2021-00174 (La. 10/10/21), 332 So. 3d 618, 622 (*per curiam*) Crighton, J., concurring).

7

violence. La. R.S. 14:2(B)(21). The co-defendant herein brandished a box cutter during the robbery, and the victim testified that she was "very afraid." Although the defendant contends in his brief on appeal that he did not know his co-defendant would use a weapon during the robbery, Sergeant Matthew Rowley testified that the defendant indicated during his custodial interview that it was common for the co-defendant to carry a knife. A defendant convicted as a principal need not have personally held a weapon to be found guilty of armed robbery. State v. Calloway, 2015-0191 (La. App. 1st Cir. 9/21/15), 2015 WL 5547564, *2-3, citing State v. Dominick, 354 So. 3d 1316, 1320 (La. 1978). The defendant did not testify at trial or the sentencing hearing, and he expressed no remorse for his or his co-defendant's actions.

Considering the facts of the offense and the trial court's reasons for imposing sentence, we find the sentence imposed by the trial court is not grossly disproportionate to the severity of the offense and, thus, it is not unconstitutionally excessive. Therefore, the trial court did not abuse its vast sentencing discretion. Accordingly, we find the counseled assignment of error and the *pro se* assignment of error number six lack merit.

### *Pro se* Assignments of Error Numbers One, Two, and Three

In his *pro se* brief, the defendant lists three assignments of error, arguing the district attorney stated information that was not factual. Specifically, in *pro se* assignment of error number one, the defendant notes the surveillance video refutes the State's assertion that he ran from the scene.[6] He further notes the State's allegation that after the robbery he was found hiding is incorrect. He contends, rather, he was found in a room on the floor. In *pro se* assignment of error number two, he disputes the State's contention that he showed no surprise in response to the acts of his co-defendant during the robbery and during his recorded police

---

[6]The video surveillance shows the defendant and his co-defendant quickly walked into the Circle K store and exited the store in less than thirty seconds.

8

interview. In *pro se* assignment of error number three, he disputes the State's contention that his statement "the co-defendant was known to carry a knife" provided proof of defendant's knowledge of the presence of a weapon during the robbery. However, we note that this argument was presented to and rejected by the jury at trial, although the defendant chose not to testify.

Moreover, the defendant did not cite any law or authority or develop an argument in support of assignments of error numbers one, two, or three. Although *pro se* pleadings are liberally construed, assignments of error that are not briefed on appeal are considered abandoned. Uniform Rules - Courts of Appeal, Rule 2-12.4(B)(4). Restatement of an assignment of error in brief is nothing more than a listing of the assignment and certainly does not constitute briefing of the assignment. <u>See</u> <u>State v. Laue</u>, 2020-0225 (La. App. 1st Cir. 12/30/20), 326 So. 3d 267, 282, <u>writ</u> <u>denied</u>, 2021-01329 (La. 11/17/21), 327 So. 3d 993, <u>cert.</u> <u>denied</u>, 142 S.Ct. 2659, 212 L.Ed.2d 612 (2022). Accordingly, we will not address *pro se* assignment of errors numbers one and two.

With regard to *pro se* assignment of error number three, we note that on redirect, the State asked Sgt. Rowley if, during his interview of the defendant, the defendant ever stated that he was shocked by seeing a knife in his co-perpetrator's hands. Sgt. Rowley answered in the negative and maintained that the defendant stated that his co-defendant always carried a knife. A video recording of the defendant's interview with Sgt. Rowley containing the defendant's statement was introduced into evidence and played for the jury. Given the foregoing, the defendant's *pro se* assignment of error number three is without merit.

### *Pro se* Assignment of Error Number Four

In *pro se* assignment of error number four, the defendant, without any argument or authority in support thereof, simply states "that in the beginning of my police interview, I stated [that I was] using prescription drugs and alcohol that

9

night of the incident and how it was a factor in my decision making during the incident resulting in my charge." The defendant contends that because he had been drinking and taking prescription medication, he "had no real memory of the night after being picked up" by his co-defendant. As noted above, assignments of error not briefed by a defendant on appeal are considered abandoned. Uniform Rules - Courts of Appeal, Rule 2-12.4(B)(4). Statement of an assignment of error in brief is nothing more than a listing of the assignment and does not constitute briefing of the assignment. Laue, 326 So. 3d at 282. Accordingly, *pro se* assignment of error number four is deemed abandoned.

### *Pro se* Assignment of Error Number Five

In *pro se* assignment of error number five, the defendant, without any argument or authority in support thereof, simply states he wanted to respond to the State's contention he posed a verbal or physical threat to the victim in this case. In his *pro se* filings, he contends he had no interaction with the victim.

Again, the video surveillance of the defendant and his co-defendant in the Circle K store was shown to the jury who was able to witness the defendant's interaction with the victim. Moreover, statement of an assignment of error in brief is nothing more than a listing of the assignment and does not constitute briefing of the assignment. Laue, 326 So. 3d at 282. Accordingly, *pro se* assignment of error number five is deemed abandoned.

### *Pro se* Assignment of Error Number Seven

In *pro se* assignment of error number seven, the defendant argues his state appointed attorney provided ineffective assistance. The defendant alleges that his attorney belittled him, shared little information with him, and nudged him to quickly decide whether to accept a plea offer and whether to testify in his own defense. He further alleges that he attempted to have his attorney removed but the trial court denied his request.

As a general rule, claims of ineffective assistance of counsel are more properly raised by an application for post-conviction relief in the district court where a full evidentiary hearing may be conducted, rather than on appeal. However, where the record discloses evidence needed to decide the issue of ineffective assistance of counsel and that issue is raised by assignment of error on appeal, the issue may be addressed in the interest of judicial economy. State v. Anderson, 2023-0271 (La. App. 1st Cir. 11/3/23), 2023 WL 7270839, *4 (unpublished), writ denied, 2023-01591 (La. 5/21/24), 385 So. 3d 241.

Here, the defendant does not brief his argument and does not point to specific portions of the record to support his claim. Because the record does not allow for definitive resolution on appeal, we find the defendant's claim is more properly relegated to post-conviction proceedings, where the trial court may conduct a full evidentiary hearing.[7] See State v. Anderson, 2022-0587 (La. App. 1st Cir. 12/22/22), 357 So. 3d 845, 855, writ denied, 2023-00352 (La. 9/6/23), 369 So. 3d 1267.

## CONCLUSION

For the above and foregoing reasons, the defendant's conviction and sentence are affirmed.

**CONVICTION AND SENTENCE AFFIRMED.**

---

[7]The defendant would need to satisfy the requirements of La. C.Cr.P. art. 924, *et seq.*, in order to receive such a hearing. Anderson, 2023 WL 7270839 at *4 n.6.

11