**NOT FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2025 KA 0060

STATE OF LOUISIANA

VERSUS

RALPH CHERAMIE, JR.

Judgment Rendered: **DEC 3 0 2025**

* * * * *

On Appeal from the
17th Judicial District Court
In and for the Parish of Lafourche
State of Louisiana
Case No. 619880 • Div. D

Honorable Christopher J. Boudreaux, Judge Presiding

* * * * *

Kristine M. Russell
District Attorney
Joseph S. Soignet
Jason L. Chatagnier
Assistant District Attorneys
Thibodaux, Louisiana

Counsel for Appellee,
State of Louisiana


Christopher A. Aberle
Louisiana Appellate Project
Mandeville, Louisiana
-and-
Ralph Cheramie, Jr.
In Proper Person

Counsel for Defendant-Appellant,
Ralph Cheramie, Jr.

* * * * *

BEFORE: LANIER, WOLFE, AND HESTER, JJ.

**HESTER, J.**

The defendant, Ralph Cheramie, Jr., was charged by bill of information with molestation of a juvenile under the age of thirteen (count 1), a violation of La. R.S. 14:81.2, indecent behavior with a juvenile (victim under thirteen) (count 2), a violation of La. R.S. 14:81(A)(1) and (H)(2), and sexual battery (victim under thirteen) (count 3), a violation of La. R.S. 14:43.1(C)(2). He pled not guilty and, following a jury trial, he was found guilty as charged by unanimous verdicts on all three counts. The trial court denied the defendant's motion for new trial and motion for post-verdict judgment of acquittal.

For the molestation of a juvenile conviction, the defendant was sentenced to forty years imprisonment with the first twenty-five years to be served without benefit of probation, parole, or suspension of sentence (count one). For the indecent behavior with a juvenile conviction, the defendant was sentenced to ten years imprisonment with the first two years to be served without benefit of probation, parole, or suspension of sentence (count two). For the sexual battery conviction, the defendant was sentenced to forty years imprisonment with the first twenty-five years to be served without benefit of probation, parole, or suspension of sentence (count three). All the sentences were imposed at hard labor and ordered to be served concurrently.[1] The defendant filed a motion to reconsider sentence, which the trial court denied without a hearing. The defendant now appeals, designating two assignments of error related to his sentencing and three *pro se* assignments of error. For the reasons that follow, we affirm the convictions and sentences.

---

[1] Additionally, the trial court ordered the defendant to submit to blood and saliva testing for genetic markers and sexually transmitted diseases and advised the defendant of his obligation to register as a sex offender for twenty-five years pursuant to La. R.S. 15:535 and 15:542, respectively.

2

## FACTS

The defendant was an art teacher at Golden Meadow Middle School in Lafourche Parish. In November 2021, the Lafourche Parish Sheriff's Office (LPSO) received a complaint of sexual abuse by an alleged victim (identified as "L.B.") from the Golden Meadow Police Department concerning the defendant. Thereafter, other victims came forward, including K.D., who informed the LPSO that she attended Golden Meadow from 2008 through 2010.[2] In the seventh grade, when K.D. was twelve years old, she took the defendant's art class.[3] The defendant grabbed K.D.'s butt on multiple occasions and often asked her to remain after class, during which time he would stand behind her and kiss her neck and ear.

On one occasion, the defendant asked K.D. to stay after class to review a drawing he had made in her art pad that he indicated looked like a penis. While standing behind her, he put his hand on her butt and moved it all the way down and to the front of her vagina. The defendant then walked over to a nook in his classroom, unbuttoned his belt, and asked K.D. if she wanted to see a real one. He also asked her to remove her clothing. K.D. became frightened and ran out of the classroom. While this incident was reported to the principal, Tim Long, and K.D.'s parents were contacted, it was not reported to the police.[4]

---

[2] Because these charges involve sex offenses, we reference the victims by their initials. See La. R.S. 46:1844(W).

[3] K.D.'s date of birth is May 5, 1997.

[4] K.D. indicated that following her report of the incident to the principal, there was a "stay away order." K.D. was removed from the defendant's classroom, and she attended other, alternative classes. Additionally, the two of them could not be within so many feet of each other; K.D. could not pass by the defendant's classroom, and he could not be on duty when she was at recess.

## COUNSELED ASSIGNMENT OF ERRORS

In his first and second counseled assignments of error, the defendant argues the trial court erred by denying the motion to reconsider sentence and by imposing an unconstitutionally excessive sentence. The defendant notes that while the sentences imposed by the court are within the statutory range, the imposition of forty years is a needless infliction of pain and suffering and, at sixty-five years old, he mostly likely will not outlive the forty-year-sentence. The defendant alleges the record, which shows that this is his first felony conviction, does not support the equivalent of a life sentence for the actions alleged by K.D. The assignments of error are interrelated and will be addressed together.

The State points out that the sentences are less than half of the maximum sentences the defendant faced and that they were ordered to be served concurrently, rather than consecutively. The State asserts the sentences are appropriate based on the repeated criminal conduct of the defendant, which arose when he exploited his position as an educator. The State notes that while the defendant suggests in his brief that he has no criminal history, the evidence presented at trial showed that he, in fact, has a history of committing sexual offenses against his students. The State asserts this is not an incident of a lone victim and a single act of sexual abuse, but a pattern of sexually assaultive behavior engaged in by an educator against his students.

The Eighth Amendment to the United States Constitution and Article I, § 20, of the Louisiana Constitution prohibit the imposition of cruel or excessive punishment. Although a sentence falls within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. **State v. Boudreaux**, 2023-0993 (La. App. 1st Cir. 4/19/24), 390 So.3d 345, 361, writ denied, 2024-00695 (La. 1/28/25), 399 So.3d 416. See also **State v. Sepulvado**, 367 So.2d 762, 767 (La. 1979). A sentence is considered

4

constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. **State v. Shaikh**, 2016-0750 (La. 10/18/17), 236 So.3d 1206, 1209 (*per curiam*). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks one's sense of justice. **State v. Livous**, 2018-0016 (La. App. 1st Cir. 9/24/18), 259 So.3d 1036, 1044, writ denied, 2018-1788 (La. 4/15/19), 267 So.3d 1130.

Louisiana Code of Criminal Procedure article 894.1 sets forth the factors for the trial court to consider before imposing sentence. While the entire checklist of Article 894.1 need not be recited, the record must reflect the trial court adequately considered the criteria. See **State v. Brown**, 2002-2231 (La. App. 1st Cir. 5/9/03), 849 So.2d 566, 569. A review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. **Brown**, 849 So.2d at 569. The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Article 894.1. **State v. Scott**, 2017-0209 (La. App. 1st Cir. 9/15/17), 228 So.3d 207, 211, writ denied, 2017-1743 (La. 8/31/18), 251 So.3d 410.

The trial court's considerations should be based upon factual determinations and include a review of the defendant's personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services other than confinement. See **State v. Jones**, 398 So.2d 1049, 1051-52 (La. 1981); **State v. Spikes**, 2017-0087 (La. App. 1st Cir. 9/15/17), 228 So.3d 201, 204-05. The trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of an abuse of discretion. **Scott**, 228

So.3d at 211. On appellate review of a sentence, the relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. **State v. Anderson**, 2022-0587 (La. App. 1st Cir. 12/22/22), 357 So.3d 845, 852, writ denied, 2023-00352 (La. 9/6/23), 369 So.3d 1267.

The jurisprudence indicates that maximum, or nearly maximum, terms of imprisonment may not be excessive when the defendant has exploited a position of trust to commit sexual battery or indecent behavior with a juvenile. **State v. Hellier**, 2022-0351 (La. App. 1st Cir. 11/4/22), 2022 WL 16707066, *4 (unpublished). See also **State v. Coffey**, 54,729 (La. App. 2d Cir. 9/21/22), 349 So.3d 647, 653, writ denied, 2022-01574 (La. 12/20/22), 352 So.3d 89 (the harsher penalty provision for molestation of a juvenile where the offender has control or supervision over a juvenile exists because an offender who has control or supervision over a juvenile is in a position of trust).

In 2009, the sentencing range for the molestation of a juvenile conviction when the victim was under the age of thirteen was not less than twenty-five years nor more than ninety-nine years, with the first twenty-five years of the sentence to be served without benefit of probation, parole, or suspension of sentence. See La. R.S. 14:81.2(E)(1).[5] The sentencing range for indecent behavior with a juvenile when the victim was under the age of thirteen and the offender is seventeen years of age or older is not less than two nor more than twenty-five years with at least the first two years to be served without benefit of probation, parole, or suspension of sentence. See La. R.S. 14:81(H)(2). The sentencing range for sexual battery when the victim was under thirteen and the offender is seventeen years of age or older is

_____

[5] Paragraph E of La. R.S. 14:81.2 was repealed by 2020 La. Acts No. 352, § 2. The penalty for molestation of a juvenile conviction when the victim was under the age of thirteen is now contained at La. R.S. 14:81.2(D)(1).

6

not less than twenty-five years nor more than ninety-nine years, with the first twenty-five years of the sentence to be without benefit of probation, parole, or suspension of sentence. See La. R.S. 14:43.1(C)(2). Thus, the defendant's maximum sentencing exposure was ninety-nine years. Here, the trial court imposed a mid-range sentence of forty-years on counts one and three, and the trial court imposed ten years, less than half the possible maximum sentence, on count two. The trial court ran the sentences concurrently.

At the sentencing hearing, in a closed courtroom, the trial court heard a victim impact statement from K.D., detailing how this incident affected her. K.D. indicated the defendant has ruined her life in so many ways and stolen her innocence and her childhood. She indicated that she was bullied at school for "trying to get [the defendant] fired." She noted that she contemplated suicide when she was thirteen. She asked that the defendant be sentenced to the maximum; not just for her, but for everyone else he abused that was too scared to come forward. The defendant made a statement in open court wherein he professed his innocence, pointed out the lack of evidence, and asked for the mercy from the court.

Before imposing sentence, the trial court adopted the reasons and arguments set forth by the State at the sentencing hearing.[6] The trial court indicated it had considered all the Article 894.1 factors and felt that a lesser sentence would pose an undue risk to society and that other minors might be in danger of such offenses. The trial court believed the defendant was in need of correctional treatment that could only effectively be provided by commitment to an institution. The trial court found that any lesser sentence would clearly deprecate the seriousness of the defendant's

---

[6] In summary, the prosecutor argued that when considering an appropriate sentence for the defendant, the trial court should keep in mind the following: the victim was under the age of thirteen when the offenses were committed; to impose a lesser sentence would deprecate the serious harm the defendant caused the victim; his conduct during the commission of the offenses manifested deliberate cruelty to the victim; the defendant knew the victim was particularly vulnerable due to her youthfulness; he used his teaching position to facilitate the offenses; and the defendant, by his own admission, has a lustful disposition towards children.

crimes. Further, the trial court indicated it was shocked by the sense of denial in the statements made by the defendant and his clear lack of remorse. The court specifically noted the offenses were committed against the most vulnerable and innocent of the members of our society, a child under the age of thirteen, who was placed under his control and supervision in the school system. The trial court further noted there can be no more heinous offense that it could think of that would justify a serious sentence in this matter.

The record before us reflects the sentences were based upon the gravity of the offense, the age of the minor victim, the defendant's knowledge of the victim's particular vulnerability, and the significant harm inflicted upon the victim. Additionally, the trial court took the Article 894.1 factors into consideration when imposing the sentences in this case. K.D. was a twelve-year-old student under the defendant's supervision when he committed the underlying offenses against her. We note as a result of these offenses, K.D. continues to deal with the effect these incidents have had on her life. The defendant was given the opportunity to show remorse, but the record shows he failed to take any accountability for his actions. Despite the defendant's contention that he received the equivalent of a life sentence, the sentences imposed were not grossly disproportionate to the severity of the offenses and thus were not unconstitutionally excessive. Therefore, his assignments of error are without merit.

Given the foregoing, we find that the district court did not abuse its vast discretion in imposing the defendant's sentences.

## *PRO SE* ASSIGNMENTS OF ERROR

In his *pro se* brief, the defendant lists three assignments of error but raises numerous sub-arguments in support thereof. Specifically, in *pro se* assignment of error number one, the defendant asserts there was insufficient evidence for his arrest. He indicates that the affidavit for his arrest incorrectly lists the date the offenses

8

were allegedly committed and his address is incorrect. In addition, he notes that it was alleged in the affidavit that he brought K.D. into a storage closet to commit these offenses, but he contends that there was no storage closet in his classroom.

In *pro se* assignment of error number two, the defendant alleges vindictive prosecution, noting the State never took into consideration his ties to the community, the fact he owned a business, letters of recommendations from clients, friends, and family, and his lack of a criminal history. He notes that the State brought up a video that showed K.D. running out of his classroom, but contends no video was entered into evidence at trial. The defendant claims K.D.'s own mother did not believe her, which he contends goes to K.D.'s character and "believability." He alleges the administration at Golden Meadow Middle investigated K.D.'s allegations, and the prosecution fabricated a story that the administration protected him. He further alleges K.D. lied under oath and changed her story from the account she gave to Detective Theresa Gatica. The defendant claims the State used "R.S. 412.2" to allow L.B. to testify about her alleged abuse, but he contends L.B. had nothing to do with K.D.'s case. He contends he was not given a fair trial.

The defendant did not cite any law or authority or develop an argument in support of assignments of error numbers one and two. Although *pro se* pleadings are liberally construed, assignments of error that are not briefed on appeal are considered abandoned. Uniform Rules-Courts of Appeal, Rule 2-12.4(B)(4). Restatement of an assignment of error in brief is nothing more than a listing of the assignment and certainly does not constitute briefing of the assignment. See **State v. Laue**, 2020-0225 (La. App. 1st Cir. 12/30/20), 326 So.3d 267, 282, writ denied, 2021-01329 (La. 11/17/21), 327 So. 3d 993, cert. denied, ___ U.S. ___, 142 S.Ct. 2659, 212 L.Ed.2d 612 (2022). Accordingly, we will not address *pro se* assignment of errors numbers one and two.

9

In *pro se* assignment of error number three, the defendant claims the trial court lacked subject matter jurisdiction over this case. The defendant acknowledges that he is raising this claim for the first time on appeal.[7] In support of this contention, he cites no Louisiana statutory authority, and the numerous cases that he references from other states are not authoritative or binding on this court.[8]

The Louisiana Constitution grants a district court original jurisdiction over all civil and criminal matters and vests district courts with "exclusive original jurisdiction of felony cases." La. Const. art. V, § 16; see **State v. Davenport**, 2013-1859 (La. 5/7/14), 147 So.3d 137, 144. Courts have the jurisdiction and powers over criminal proceedings that are conferred upon them by the constitution and statutes of this state, except as their statutory jurisdiction and powers are restricted, enlarged, or modified by the provisions of this Code. La. Code Crim. P. art. 16. A court possesses inherently all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue such writs and orders as may be necessary or proper in aid of its jurisdiction. La. Code Crim. P. art. 17. Thus, the district courts have either exclusive or concurrent original jurisdiction in any criminal matter, except when the Constitution itself vests jurisdiction in another tribunal. **Pope v. State**, 99-2559 (La. 6/29/01), 792 So.2d 713, 717, n.9.

The felony charges instituted against the defendant by the Lafourche Parish District Attorney in this case are a criminal matter. Because the trial of felony cases is within the exclusive original jurisdiction of the criminal district court, the

---

[7] Lack of subject matter jurisdiction, unlike other jurisdictional defects, may not be waived or conferred by the consent of the parties. La. Code Civ. P. art. 3; **State v. Mock**, 2018-530 (La. App. 3d Cir. 2/6/19), 265 So.3d 1029, 1033. Thus, a party may raise an exception of subject matter jurisdiction at any time during the proceedings. Similarly, lack of subject matter jurisdiction may be raised on appeal by the court's own motion. **Id.**

[8] See **Monochem, Inc. v. E. Ascension Tel. Co.**, 195 So.2d 748, 751 (La. App. 1st Cir.), writ denied, 199 So.2d 912 (La. 1967) (the authorities cited by defendant-appellee in this connection, while persuasive, are all from other jurisdictions and cannot be binding on the courts of this state).

Seventeenth Judicial District Court had subject matter jurisdiction in this matter. Thus, the defendant's third *pro se* assignment of error is without merit.

While the defendant does not designate his fourth argument as an assignment of error, he lists La. Code Evid. art. 403, which governs other crimes evidence, and notes he objected to the State putting L.B., another alleged victim, on the stand to testify against him. He alleges that L.B. had nothing to do with K.D.'s case, and appears to contend that the jury was "tainted" by L.B.'s testimony.[9] The defendant contends that "knowing I confessed to the allegations made by LB, they needed more concrete evidence." The defendant asserts that his confession to a crime does not necessarily prove he committed another one.

As noted above, assignments of error not briefed by a defendant on appeal are considered abandoned. Uniform Rules-Courts of Appeal, Rule 2-12.4(B)(4). Statement of an assignment of error in brief is nothing more than a listing of the assignment and does not constitute briefing of the assignment. **Laue**, 326 So.3d at 282. Accordingly, this *pro se* assignment of error number four is deemed abandoned.

For the above and foregoing reasons, the defendant's convictions and sentences are affirmed.

**CONVICTIONS AND SENTENCES AFFIRMED.**

---

[9] The defendant alleges that because the alleged victims knew each other, this could have been a catalyst for them to compare stories about him and the alleged incidents that supposedly occurred. He contends this raises a "cloud of suspicion given that the allegations are virtually the same."