MCDONALD, J. I aThe defendant, Corey Scott, was charged by grand jury indictment with second degree murder, a violation of La. R.S. 14:30.1. He pled not guilty and, following a jury trial, was found guilty as charged. The defendant was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The. defendant now appeals, designating two assignments of error. We affirm the conviction and sentence. FACTS On February 7, 2014, Marvin Thomas, after being dropped off by his father who had business at a nearby mechanic shop, walked to Ragusa’s Grocery Store at the corner of 15th Street and Terrace Avenue in Baton Rouge. Several people were standing outside of the grocery store, including the defendant and his fi'iend, Harold Retana, who testified at triaL When Marvin walked out of the grocery store, Harold followed him. During Marvin’s entry into and exit from the grocery store, he and Harold never exchanged any words. Harold approached Márvin and, without warning, punched him. Marvin staggered, turned, and ran into the street. Harold chased after Marvin. At this point, according to Harold, Marvin went for something near his (Marvin’s own) hip. Harold grabbed at Marvin’s hand near his hip to prevent Marvin from pulling what Harold thought might be a gun. According to Harold, he felt part of a gun tucked inside of Marvin’s underwear. As they struggled, according to Harold, for control over the gun, they fell to the ground. The defendant, who was standing nearby watching the fight, produced a semi-automatic 9mm handgun and fired eight times at Marvin, striking him seven times and killing him. There was no gun found at the scene or on Marvin’s body. A video of the attack and shooting was captured by the grocery store surveillance camera and played for the jury. The. defendant did not testify at trial. '^ASSIGNMENTS OF ERROR NOS. 1 and 2 In-these related assignments of er-rbr, the defendant argues, respectively; that the trial court erred in imposing' an unconstitutionally excessive sentence; and that defense counsel’s failure to file a motion to reconsider sentence constituted ineffective assistance of counsel. The record does not contain an oral or written motion to reconsider sentence. Louisiana Code of Criminal Procedure article 881.1(E) provides that the failure to file or make a motion to reconsider sentence precludes the defendant from raising an- excessive sentence argument on appeal. Ordinarily, pursuant to the provisions of this Article and the holding of State v. Duncan, 94-1563 (La. App. 1st Cir. 12/15/95), 667 So.2d 1141, 1143 (en banc per curiam), we would not consider an excessive sentence argument. Howevei’, in the interest of judicial economy, we will consider the defendant’s argument that his sentence is excessive, even in the absence of a motion to reconsider sentence, in order to address the defendant’s claim of ineffective counsel. See State v. Wilkinson, 99-0803 (La. App. 1st Cir. 2/18/00), 754 So.2d 301, 303, writ denied, 2000-2336 (La. 4/20/01), 790 So.2d 631. In Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), the United States Supreme Court enunciated the test for evaluating the competente of trial counsel: First, the defendant must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it can’not be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable. In evaluating the performance of counsel, the inquiry must be whether counsel’s assistance was reasonable .considering all the circumstances. State v. Morgan, 472 So.2d 934, 937 (La. App. 1st Cir. 1985). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. State v. Robinson, 471 So.2d 1035, 1038-39 (La. App. 1st Cir.), writ denied, 476 So.2d 350 (La. 1985). Failure to file a motion tó reconsider sentence in itself does not constitute ineffective assistance of counsel. However, if the defendant can show a reasonable probability that, but for counsel’s error, his sentence would have been different, a basis for an ineffective assistance claim may be found. See State v. Felder, 2000-2887 (La. App. 1st Cir. 9/28/01), 809 So.2d 360, 370, writ denied, 2001-3027 (La. 10/25/02), 827 So.2d 1173. The Eighth Amendment to the United States Constitution and Article I, § 20, of the Louisiana Constitution prohibit the imposition of cruel or excessive punishment. Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La. 1979). A sentence is considered constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Andrews, 94-0842 (La. App. 1st Cir. 5/5/95), 655 So.2d 448, 454. The trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of a manifest abuse of discretion. See State v. Holts, 525 So.2d 1241, 1245 (La. App. 1st Cir. 1988). Louisiana Code of Criminal Procedure article 894.1 sets forth the factors for the trial court to consider when imposing sentence. While the entire checklist of La. Code of Crim. P. art. 894,1 need not be recited, the record must reflect the trial court adequately considered the criteria. State v. Brown, 2002-2231 (La. App. 1st Cir. 5/9/03), 849 So.2d 566, 569. |fiThe articulation of the factual basis for a sentence is the goal of La. Code Crim. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. Code Crim. P. art. 894.1. State v. Lanclos, 419 So.2d 475, 478 (La. 1982). The trial judge should review the defendant’s personal history, his prior criminal record, the seriousness of the offense, the likelihood that he -will commit another crime, and’ his potential for rehabilitation through correctional services other than confinement. See State v. Jones, 398 So.2d 1049, 1051-52 (La. 1981). On appellate review of a sentence, the relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. State v. Thomas, 98-1144 (La. 10/9/98), 719 So.2d 49, 50 (per curiam). In State v. Dorthey, 623 So.2d 1276, 1280-81 (La. 1993), the Louisiana Supreme Court opined that if a trial judge were to find that the punishment mandated by La. R.S. 15:529.1 makes no “measurable contribution to acceptable goals of punishment” or that the sentence amounted to nothing more than “the purposeful imposition of pain and suffering” and is “grossly out of proportion to the severity of the crime”, he has the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive. In State v. Johnson, 97-1906 (La. 3/4/98), 709 So.2d 672, 676-77, the Louisiana Supreme Court reexamined the issue of when Dorthey permits a downward departure from the mandatory ihinimum sentences in the Habitual Offender Law. While both Dorthey and Johnson involve the mandatory minimum sentences imposed under the Habitual Offender Law, the Louisiana Supreme Court has held that the sentencing review principles espoused in Dorthey are not restricted in application to the penalties provided by La. R.S. 15:529.1. See State v. Fobbs, 99-1024 (La. 9/24/99), 744 So.2d 1274 (per curiam); State v. Collins, 2009-1617 (La. App. 1st Cir. 2/12/10), 35 So.3d 1103, 1108, writ denied, 2010-0606 (La. 10/8/10), 46 So.3d 1265. For the defendant’s second degree murder conviction, the trial court imposed the mandatory life sentence at hard labor. See La. R.S. 14:30.1(B). The defendant argues in brief that the trial court failed to consider mitigating circumstances that would require a “tailoring of sentence.” The defendant points out that he was eighteen years old the “day that Marvin Thomas was shot,” and that the United States Supreme Court has “long recognized that youthful offenders- are categorically different than their adult peers.” While the defendant recognizes he was “legally considered” to be an adult when Marvin was killed, the trial court failed to consider that he was “still subject, to the vagaries of youth.” There is no need for the. trial court to justify a sentence under La. Code Crim. P. art. 894.1 when it is legally required to impose that sentence. As such, the failure . to articulate reasons as set forth in Article 894.1 when imposing a mandatory life sentence is not an error; articulating such reasons or factors would be an exercise in futility since the court has no discretion. Felder, 809 So.2d at 371. See State v. Ditcharo, 98-1374 (La. App. 5th Cir. 7/27/99), 739 So.2d 957, writ denied, 99-2551 (La. 2/18/00), 754 So.2d 964; State v. Jones, 31,613 (La. App. 2nd Cir. 4/1/99), 733 So.2d 127, 146, writ denied, 99-1185 (La. 10/1/99), 748 So.2d 434; State v. Williams, 445 So.2d 1264, 1269 (La. App. 3rd Cir.), writ denied, 449 So.2d 1346 (La. 1984). Mandatory sentences have been repeatedly upheld as constitutional and consistent with the federal and state constitutional provisions prohibiting cruel, unusual or excessive punishment. See State v. Jones, 46,758-59 (La. App. 2nd Cir. 12/14/11), 81 So.3d 236, 249, writ denied, 2012-0147 (La. 5/4/12), 88 So.3d 462. To rebut the presumption that the mandatory minimum sentence is 17constitutional, the defendant must clearly and convincingly show that he is exceptional, which means that because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. Johnson, 709 So.2d at 676. Those cases cited by the defendant regarding the Supreme Court’s recognition of the difference between youthful offenders and adult peers have no applicability to the instant matter. These decisions addressed minors who committed crimes while under the age of eighteen, having considered eighteen years old the age of majority. See Miller v. Alabama, 567 U.S. 460, 465, 132 S.Ct. 2455, 2460, 183 L.Ed.2d 407 (2012) (mandatory life imprisonment without parole for those offenders under the age of 18 years at the time they committed .a homicide offense violates the Eighth Amendment prohibition of cruel and unusual punishments); Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) (Eighth Amendment precludes sentencing juvenile offenders— those under the age of 18 years at the time of the offense—to life imprisonment without parole for nonhomicide crimes); State v. Shaffer, 2011-1756 (La. 11/23/11), 77 So.3d 939 (per curiam). Furthermore, there is nothing particularly unusual about the defendant’s circumstances that would justify a downward departure from the mandatory sentence under La. R.S. 14:30.1(B). The record before us clearly established an adequate factual basis for the sentence imposed. The defendant has not proven by clear and convincing evidence that he is exceptional such that a mandatory life sentence would not be meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. See Johnson, 709 So.2d at 676. Accordingly, no downward departure from the presumptively constitutional mandatory life sentence is warranted. The sentence imposed is not grossly |sdisproportionate to the severity of the offense and, therefore, is not unconstitutionally excessive. Because we find the sentence is not excessive, defense counsel’s failure to file or make a motion to reconsider sentence, even if constituting deficient performance, did not prejudice the defendant. See Wilkinson, 754 So.2d at 303; Robinson, 471 So.2d at 1038-39. The claim of ineffective assistance of counsel, therefore, must fall. These assignments of error are without merit, CONVICTION AND SENTENCE AFFIRMED.