## NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2023 KA 1094

## STATE OF LOUISIANA

## VERSUS

## KAREEM GATLIN

Judgment Rendered: **MAY 0 9 2024**

* * * * * * *

On Appeal from the 21st Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Docket No. 2100722

Honorable Erika Sledge, Judge Presiding

* * * * * * *

Scott M. Perrilloux
District Attorney
Brett Sommer
Assistant District Attorney
Livingston, Louisiana

Attorneys for Appellee
State of Louisiana

Gwendolyn K. Brown
Baton Rouge, Louisiana

Attorney for Defendant/Appellant
Kareem Gatlin

* * * * * * *

**BEFORE: THERIOT, PENZATO, AND GREENE, JJ.**

**PENZATO, J.**

The defendant, Kareem A. Gatlin, was charged by grand jury indictment with second degree murder, a violation of La. R.S. 14:30.1 (count I); illegal use of weapons, a violation of La. R.S. 14:94(A) (count II); and obstruction of justice, a violation of La. R.S. 14:130.1 (count III). At his arraignment, the defendant pled not guilty, but was later found guilty by a unanimous jury on all three counts. A motion for new trial, motion in arrest of judgment, and a motion for post-verdict judgment of acquittal were filed by the defendant, but denied by the trial court. On count I, the defendant was sentenced to life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. On count II, the defendant was sentenced to imprisonment at hard labor for two years. On count III, the defendant was sentenced to imprisonment at hard labor for forty years. Additionally, the trial court ordered the sentences to run consecutively. A motion to reconsider sentence was also filed, but subsequently denied by the trial court. The defendant now appeals, raising four assignments of error, all of which challenge the sentences imposed by the trial court. For the following reasons, we affirm the defendant's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

On February 19, 2021, a group of individuals, including the defendant and Ry-Shai Hills, were playing basketball in the street near Hills's grandmother's house. Around 5:00 p.m., the victim, Michael Otkins, drove past the group and, in response, the defendant pursued the victim, firing eight shots in the direction of Otkins's vehicle. Hills testified that once he heard gunshots he turned to run, looked back, and saw the defendant firing a gun at Otkins's car. The defendant later admitted to law enforcement that his actions were not based on self-defense, that he was not threatened by the victim, but rather he shot at the car "to prove a point [...]

2

to not F with him." Following the shooting, the defendant fled the area, hiding his pistol under exterior steps of a nearby house. As a result of the shooting, the victim sustained severe traumatic injuries and ultimately crashed his vehicle into a nearby light pole. The victim was subsequently pronounced dead at a local hospital.

## EXCESSIVE SENTENCES

On appeal, the defendant raises four assignments of error: the trial court erred by (1) failing to comply with sentencing guidelines set forth in La. C.Cr.P. art. 894.1, (2) failing to provide justification for its decision to impose consecutive, rather than concurrent, sentences, (3) denying his motion to reconsider sentence, and (4) imposing unconstitutionally excessive sentences. As these assignments of error all generally contend that the trial court imposed unconstitutionally excessive sentences, we will combine and address them together.

Both the United States and Louisiana Constitutions prohibit the imposition of excessive or cruel punishment. U.S. Const. amend. VIII; La. Const. art. I, § 20. Although a sentence falls within statutory limits, it may be excessive. *State v. Sepulvado*, 367 So.2d 762, 767 (La. 1979). A sentence is considered constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. The trial court has great discretion in imposing a sentence within the statutory limits, and this Court will not set aside such a sentence as excessive in the absence of a manifest abuse of discretion. *State v. Scott*, 2017-0209 (La. App. 1st Cir. 9/15/17), 228 So.3d 207, 211, writ denied, 2017-1743 (La. 8/31/18), 251 So.3d 410.

Louisiana Code of Criminal Procedure article 894.1 sets forth the factors for the trial court to consider when imposing sentence. While the entire checklist of

3

Article 894.1 need not be recited, the record must reflect the trial court adequately considered the criteria. *Scott*, 228 So.3d at 211. The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. *Id.* Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even when there has not been full compliance with Article 894.1. *Id.* The trial court should review the defendant's personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services other than confinement. *State v. Harris*, 2022-1190 (La. App. 1st Cir. 6/2/23), 369 So.3d 447, 451. On appellate review of a sentence, the relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *Scott*, 228 So.3d at 211.

Moreover, there is no need for the trial court to justify a sentence under Article 894.1 when it is legally required to impose that sentence. As such, any failure to articulate reasons as set forth in Article 894.1 when imposing a mandatory life sentence is not an error; articulating such reasons or factors would be an exercise in futility since the court has no discretion. *State v. Dickerson*, 2016-1336 (La. App. 1st Cir. 4/12/17), 218 So.3d 633, 642, writ denied, 2017-1147 (La. 8/31/18), 251 So.3d 1062. Mandatory sentences have been repeatedly upheld as constitutional and consistent with the federal and state constitutional provisions prohibiting cruel, unusual or excessive punishment. *Id.* To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that he is exceptional, which means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense,

4

and the circumstances of the case. *Id.*, citing *State v. Johnson*, 97-1906 (La. 3/4/98), 709 So.2d 672, 676.

Louisiana Revised Statutes 14:30.1(B) provides, "[w]hoever commits the crime of second degree murder shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence." As to the defendant's conviction on Count II, La. R.S. 14:94(B) provides, "whoever commits the crime of illegal use of weapons or dangerous instrumentalities shall be fined not more than one thousand dollars, or imprisoned with or without hard labor for not more than two years, or both." Lastly, La. R.S. 14:130.1(B)(1) provides, "[w]hoever commits the crime of obstruction of justice shall be subject to the following penalties: (1) [w]hen the obstruction of justice involves a criminal proceeding in which a sentence of death or life imprisonment may be imposed, the offender shall be fined not more than one hundred thousand dollars, imprisoned for not more than forty years at hard labor, or both." As noted above, the trial court imposed a mandatory life sentence for the defendant's second degree murder conviction, as well as maximum sentences of imprisonment at hard labor for two years, and forty years, respectively, for the defendant's convictions of illegal use of weapons and obstruction of justice.

After a thorough review of the record, we find the trial court sufficiently articulated its reasonings for sentencing in accordance with Article 894.1, did not err in imposing the maximum (and mandatory) sentences, and otherwise did not err in denying the defendant's motion to reconsider sentence. First, the trial court imposed the mandatory life sentence for the defendant's second degree murder conviction. Second, the record reflects the trial court appropriately considered the criteria set forth in Article 894.1. See La. C.Cr.P. art. 894.1(A)(2) & (3); (B)(1), (6), (9), (10), & (19). Herein, the defendant, without any apparent provocation, fired eight shots in

5

a residential neighborhood and pursued the victim, who was driving a vehicle, all while displaying extreme recklessness and disregard for anyone within his vicinity. Further, the defendant admitted to law enforcement that his actions were not based on self-defense, but purely out of an attempt to intimidate and threaten the victim. The defendant then fled the scene and hid his pistol, all in hopes of avoiding law enforcement.

We also find the trial court did not abuse its discretion in imposing consecutive sentences. Regarding consecutive sentences, La. C.Cr.P. art. 883 pertinently provides:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.

It is within a trial court's discretion to order sentences to run consecutively rather than concurrently. Even if convictions arise from a single course of conduct, consecutive sentences are not necessarily excessive, and the trial court must take other facts into consideration in making this determination. See *State v. Ortego*, 382 So.2d 921, 923 (La. 1980), cert. denied, 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980); *State v. Kitchen*, 2022-1274 (La. App. 1st Cir. 4/14/23), 363 So.3d 1254, 1259, writ denied, 2023-00589 (La. 12/5/23), 373 So.3d 716. When consecutive sentences are imposed, the trial court shall state the factors considered and its reasons for the consecutive terms. Among the factors to be considered are: (1) the defendant's criminal history, (2) the gravity or dangerousness of the offense, (3) the viciousness of the crimes, (4) the harm done to the victims, (5) whether the defendant constitutes an unusual risk of danger to the public, (6) the potential for the defendant's rehabilitation, (7) multiplicity of acts, and (8) the defendant's lack of remorse. *Id.* at 1259-60. However, if the record provides an adequate factual basis

6

to support consecutive sentences, the trial court's failure to articulate specific reasons for consecutive sentences does not require remand. *Id.* at 1260.

Although the three offenses herein arose out of the same transaction or occurrence, we find the consecutive sentences were justified in this case. At sentencing, the trial court noted the impact the defendant's crimes had on the victim's family, describing the defendant's actions as "completely senseless at the end of the day." During the motion to reconsider sentence hearing, the trial court, specifically addressing the consecutive nature of the defendant's sentences, stated:

> And in running those consecutive, despite the life sentence, you know, I took into account the seriousness of the offense and circumstances and thought what would be appropriate for each offense. Despite [the defendant] being young, this crime and the facts and the evidence that [were] adduced at trial showed a complete disregard for human life, a complete disregard for [the victim's] life, and the defendant – the victim also, quite honestly, was also a young man whose life was lost.

> So, [the defendant], you know, the number of shots that were fired showed that this was a very intentional act and a very cold act, and he took steps afterwards to conceal his involvement in this crime and showed calculated efforts on his part.

> So all factors considered, I believe that this behavior at [eighteen-years-old] shows it's a huge risk that [the defendant], if not in custody, would make – may commit additional offenses, that he is definitely in need of correctional treatment, and that a lesser sentence in taking [the victim's] life, who was just driving down the street, would certainly depreciate the seriousness of this offense and how tragic it was.

Based upon our review of the record, we find the trial court did not abuse its discretion by imposing consecutive, rather than concurrent, sentences. In its detailed reasons for sentencing, the trial court clearly noted the gravity and viciousness of the defendant's actions, the defendant's need for rehabilitation, and the defendant's risk to public safety. Given the seriousness of the instant crimes, the sentences imposed were not grossly disproportionate to the severity of the offenses, and therefore, are not unconstitutionally excessive. See *Kitchen*, 363 So.3d at 1260.

Accordingly, the defendant's assignments of error are without merit.

**CONVICTIONS AND SENTENCES AFFIRMED.**