STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 KA 1298

STATE OF LOUISIANA

VERSUS

ERIC HARRIS

Judgment Rendered: **DEC 2 0 2024**

* * * * *

On Appeal from the
23rd Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Trial Court No. 34850

Honorable Cody Martin, Judge Presiding

* * * * *

Ricky L. Babin                          Attorneys for Appellee,
District Attorney                       State of Louisiana
Donald D. Candell
Lindsey D. Manda
Philip Maples
Shawn R. Bush
Assistant District Attorneys
Gonzales, LA


Lieu T. Vo Clark                        Attorneys for Defendant-Appellant,
Mandeville, LA                          Eric Harris

Jeffrey H. Heggelund
Gonzales, LA

Shannon L. Battiste
Baton Rouge, LA

* * * * *

BEFORE:  THERIOT, CHUTZ, AND HESTER, JJ.

**HESTER, J.**

The defendant, Eric Harris, was charged by amended bill of information with second degree rape, a violation of La. R.S. 14:42.1(A)(1), to which he pled not guilty. Following a jury trial, he was found guilty of the responsive verdict of third degree rape, a violation of La. R.S. 14:43(A)(4). The State filed a habitual offender bill of information against the defendant, and the trial court subsequently adjudicated him a third-felony habitual offender. The trial court then sentenced the defendant to thirty-seven years at hard labor without benefit of parole, probation, or suspension of sentence.[1] The defendant now appeals, designating two assignments of error. For the following reasons, we affirm the defendant's conviction, habitual offender adjudication, and sentence.

## FACTS

On September 12, 2015, L.L. reported to the police that she had been raped the previous evening at the Budget Inn in Gonzales.[2] Based on the investigation, officers developed the defendant as a suspect and presented a photographic lineup to L.L., who identified the defendant as her assailant. Additionally, DNA analysis of the sexual assault kit performed on L.L. produced a male DNA profile consistent with the defendant's DNA profile. The defendant was ultimately arrested for the second degree rape of L.L.

## EXCESSIVE SENTENCE & INEFFECTIVE ASSISTANCE OF COUNSEL

In his first assignment of error, the defendant asserts his sentence is unconstitutionally excessive. In his second assignment of error, he contends that if

---

[1] The trial court also ordered the defendant to pay a $150.00 fee to the Department of Public Safety and Corrections, Division of Probation and Parole, to help defray the cost of conducting the presentence investigation, and a $45.00 fee to the Judicial District Indigent Defender Fund. See La. Code Crim. P. art. 875(A)(4) and La. R.S. 15:168(B)(1)(a).

[2] Because the charged crime is a sex offense, we reference the victim by her initials only. See La. R.S. 46:1844(W)(1)(a).

2

this court is precluded from reviewing his excessiveness claim based on his trial counsel's failure to file a motion to reconsider sentence, such failure constitutes ineffective assistance of counsel.

As the defendant concedes, his trial counsel failed to object to the sentence and failed to move, either orally or in writing, for reconsideration of the sentence. Ordinarily, the failure to make or file a motion to reconsider sentence shall preclude the defendant from raising an objection to the sentence on appeal, including a claim of excessiveness. La. Code Crim. P. art. 881.1(E). However, we will review the defendant's excessiveness claim, even in the absence of a timely filed motion to reconsider sentence or a contemporaneous objection, because it is necessary to our review of the defendant's ineffective assistance of counsel claim. See **State v. Kimble**, 2023-0176 (La. App. 1st Cir. 9/21/23), 376 So.3d 869, 874.

The Eighth Amendment to the United States Constitution and Louisiana Constitution Article I, § 20 prohibit the imposition of excessive punishment. A sentence within statutory limits may still be considered excessive if it is grossly disproportionate to the severity of the offense or is nothing more than a needless imposition of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. A trial court has great discretion in imposing a sentence within statutory limits, and an appellate court should not set aside a sentence in the absence of an abuse of discretion. **Kimble**, 376 So.3d at 874-75.

Louisiana Code of Criminal Procedure article 894.1 sets forth factors the trial court must consider before imposing a sentence. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the criteria. In light of the criteria expressed by Article 894.1, an appellate court's review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for

3

its sentencing decision. Remand for full compliance with Article 894.1 is unnecessary when a sufficient factual basis for the sentence is shown. **Kimble**, 376 So.3d at 874.

In the instant case, the jury convicted the defendant of third degree rape, and the trial court later adjudicated him a third-felony habitual offender. Whoever commits the crime of third degree rape shall be imprisoned at hard labor, without benefit of parole, probation, or suspension of sentence, for not more than twenty-five years. La. R.S. 14:43(B). Pursuant to the Habitual Offender Law in effect at the time of the offense in 2015, the defendant's sentencing exposure as a third offender was not less than two-thirds the longest term (approximately sixteen and two-thirds years) and not more than twice the longest term (fifty years) prescribed for a first conviction. La. R.S. 15:529.1(A)(3)(a) (prior to amendment by 2017 La. Acts, Nos. 257, § 1 and 282, § 1, eff. Nov. 1, 2017). The trial court sentenced the defendant to thirty-seven years at hard labor without benefit of probation, parole, or suspension of sentence.[3]

Herein, the trial court issued written reasons for the sentence imposed and read those reasons at the sentencing hearing. The trial court noted it reviewed the pre-sentence investigation report and considered all of the factors set forth in La.

---

[3] In sentencing the defendant, the trial court erroneously applied the current version of La. R.S. 15:529.1, rather than the 2015 version in effect at the time of the offense. Under the current version, the defendant's sentencing exposure as a third offender was not less than one-half of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction. A defendant whose conviction becomes final after November 1, 2017, and whose habitual offender bill was filed after August 1, 2018, must be sentenced in accordance with the penalties in effect at the time of the commission of the offense. See La. R.S. 15:529.1(K)(1); **State v. Lyles**, 2019-00203 (La. 10/22/19), 286 So.3d 407, 410 (per curiam). Because the defendant's conviction is not yet final and the habitual offender bill was filed in 2023, the trial court should have sentenced the defendant in accordance with the penalties in effect at the time of the commission of the offense instead of the current version of the law. Nevertheless, the defendant's thirty-seven-year sentence falls within the proper range provided under both the 2015 version and the current version of La. R.S. 15:529.1. Therefore, any error was harmless, and we decline to remand for resentencing. See **State v. Simpson**, 55,304 (La. App. 2d Cir. 11/15/23), 374 So.3d 1056, 1064, writ denied, 2023-01641 (La. 5/29/24), 385 So.3d 703.

Code Crim. P. art. 894.1 in sentencing the defendant. Specifically, the trial court noted the defendant's age, work history, social history, and his prior criminal history which included convictions for sexual battery and domestic abuse battery. The trial court found the defendant's conduct during the commission of the offense manifested deliberate cruelty to the victim, and the defendant used threats of or actual violence in the commission of the offense. See La. Code Crim. P. art. 894.1(B)(1) and (6). The trial court also found there was an undue risk the defendant would commit another crime, the defendant needed correctional treatment, and anything less than the sentence imposed would deprecate the seriousness of the crime. See La. Code Crim. P. art. 894.1(A)(1), (2), and (3).

We find the trial court adequately considered the criteria of Article 894.1 and did not manifestly abuse its discretion in imposing the sentence herein. The trial court provided detailed reasons for the sentence imposed and noted each factor it considered, including the defendant's prior conviction of a sex offense, as well as the violence of the instant offense. While the defendant's sentence of thirty-seven years is not on the low end of the sentencing range, it is well below the statutory maximum of fifty years. The defendant fails to demonstrate the trial court abused its discretion in imposing such a sentence. Further, the sentence was not grossly disproportionate to the severity of the offense and thus was not unconstitutionally excessive.

We now turn to the defendant's ineffective assistance of counsel claim based on his trial counsel's failure to file a motion to reconsider sentence. An ineffective assistance of counsel claim is more properly raised by an application for post-conviction relief in the trial court where a full evidentiary hearing may be conducted. However, in the interest of judicial economy, an appellate court may address the issue of ineffective assistance where the record discloses evidence needed to decide the issue and the defendant raises the issue by assignment of error on appeal.

**Kimble**, 376 So.3d at 875. A court analyzes an ineffective assistance of counsel claim under the two-pronged test developed by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must show: (1) his attorney's performance was deficient, and (2) the deficiency prejudiced him. To show prejudice, the defendant must demonstrate that, but for the attorney's unprofessional errors, the proceeding would have resulted differently. It is unnecessary to address both prongs of the **Strickland** test if the defendant makes an inadequate showing as to one prong. **Kimble**, 376 So.3d at 875. An attorney's failure to file a motion to reconsider sentence in itself does not constitute ineffective assistance of counsel. However, if the defendant can show a reasonable probability that, but for the attorney's error, his sentence would have been different, a basis for an ineffective assistance claim may be found. **State v. Scott**, 2017-0209 (La. App. 1st Cir. 9/15/17), 228 So.3d 207, 210, writ denied, 2017-1743 (La. 8/31/18), 251 So.3d 410.

Herein, the defendant failed to show a reasonable probability his sentence would have been different if counsel had filed a motion to reconsider sentence. **State v. Dunnagan**, 2016-0187 (La. App. 1st Cir. 9/20/16), 277 So.3d 378, 383. Moreover, even assuming, *arguendo*, defense counsel performed deficiently in failing to timely move for reconsideration of the sentence, the defendant suffered no prejudice from the deficient performance because this court considered his excessive sentence argument in connection with his ineffective assistance of counsel claim. See **Kimble**, 376 So.3d at 877.

Accordingly, these assignments of error lack merit.

### PATENT ERROR

In the present case, the trial court did not conduct a hearing to determine whether the $150.00 fee and $45.00 fee would cause substantial financial hardship to the defendant or his dependents, nor did the trial court waive judicial

6

determination of such. Further, the defendant did not explicitly waive his right to a hearing. While this requirement is relatively new, La. Code Crim. P. art 875.1 is clear that a trial court must conduct a hearing prior to imposing *any* fine, fee, cost, restitution, or other monetary obligation as part of the defendant's sentence. Because the trial court failed to comply with Article 875.1, we vacate the fees imposed on the defendant and remand the case to the trial court for a hearing in compliance with Article 875.1. See **State v. McKnight**, 2023-0886 (La. App. 1st Cir. 7/24/24) __So.3d__, __, 2024 WL 3517629, *6, writ denied, 2024-01069 (La. 12/4/24), __ So.3d __.

**CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED; FINANCIAL OBLIGATION IMPOSED VACATED; REMANDED FOR HEARING IN COMPLIANCE WITH LOUISIANA CODE OF CRIMINAL PROCEDURE ARTICLE 875.1.**