STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 KA 0432

STATE OF LOUISIANA

VERSUS

JWARSKI JVONTE JACK

Judgment Rendered:___**FEB 2 6 2025**___

* * * * * * *

On Appeal from the 16th Judicial District Court
In and for the Parish of St. Mary
State of Louisiana
Trial Court No. 2020-206530

Honorable Vincent J. Borne, Judge Presiding

* * * * * * *

M. Bofill Duhe                         Attorneys for Appellee
District Attorney                      State of Louisiana
Walter J. Senette, Jr.
Assistant District Attorney
Franklin, Louisiana


Richard A. Spears                      Attorney for Defendant/Appellant
New Iberia, Louisiana                  Jwarski Jvonte Jack




* * * * * * *


BEFORE:  PENZATO, STROMBERG, AND CALLOWAY,[1] JJ.

---
[1] Judge Curtis A. Calloway, retired, serving *pro tempore* by special appointment of the Louisiana Supreme Court.

**PENZATO, J.**

The defendant, Jwarski Jvonte Jack, was charged by bill of information with aggravated assault with a firearm (Count One), in violation of La. R.S. 14:37.4; and possession of a firearm or carrying a concealed weapon by a convicted felon (Count Two), in violation of La. R.S. 14:95.1. He initially pled not guilty but later pled guilty to Count One, and the State dismissed Count Two. The trial court sentenced him to three years at hard labor and subsequently denied his oral motion to reconsider sentence. The defendant now appeals, alleging his sentence is constitutionally excessive. For the following reasons, we affirm the conviction and sentence.

## FACTS

Because the defendant pled guilty, the facts were not developed at trial. However, at the plea colloquy, the State set forth the following factual basis for the charge:

> If this case were called to trial, the State would intend to prove that on or about the date alleged in the Bill of Information, officers with the St. Mary [Parish] Sheriff's Office were dispatched to 242 A.B. Martin Road in reference to shots being fired. Officers made contact with Tasheka Stevens and a Lester Williams. Ms. Stevens indicated that she got into an altercation with a Mr. Jwarski Jack and upon fleeing the area in a vehicle, Mr. Jack shot a gun in her direction. Mr. Lester Williams also informed the officers that Mr. Jwarski Jack did shoot a gun in the direction of Ms. Stevens' vehicle. Officers made contact with Mr. Jack who post Miranda admitted to possessing a firearm and shooting it, but claimed that he shot it in the air.

## ASSIGNMENT OF ERROR

In his sole assignment of error, the defendant asserts his three-year sentence is constitutionally excessive. Specifically, he argues the trial court did not sufficiently consider mitigating factors nor did it appropriately tailor the sentence to the defendant for the crime committed. The defendant argues he should have been given a suspended sentence and placed on probation.

2

The record reflects the defendant moved to reconsider his sentence "based on excessiveness." In order to preserve a claim of constitutional excessiveness, the defendant need not allege any more specific ground than that the sentence is excessive. *State v. Mims*, 619 So.2d 1059, 1059 (La. 1993) (per curiam).

Both the United States and Louisiana Constitutions prohibit the imposition of cruel or excessive punishment. U.S. Const. amend. VIII; La. Const. art. I, § 20. Although a sentence falls within statutory limits, it may be excessive. *State v. Sepulvado*, 367 So.2d 762, 767 (La. 1979). A sentence is unconstitutionally excessive if it is grossly disproportionate to the severity of the offense or constitutes nothing more than a purposeless and needless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks one's sense of justice. *State v. Livous*, 2018-0016 (La. App. 1st Cir. 9/24/18), 259 So.3d 1036, 1044, writ denied, 2018-1788 (La. 4/15/19), 267 So.3d 1130. The trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of an abuse of discretion. *State v. Scott*, 2017-0209 (La. App. 1st Cir. 9/15/17), 228 So.3d 207, 211, writ denied, 2017-1743 (La. 8/31/18), 251 So.3d 410.

Louisiana Code of Criminal Procedure article 894.1 sets forth the factors for the trial court to consider when imposing sentence. While the entire checklist of La. Code Crim. P. art. 894.1 need not be recited, the record must reflect the trial court adequately considered the criteria. *Scott*, 228 So.3d at 211. The articulation of the factual basis for a sentence is the goal of La. Code Crim. P. art. 894.1, not rigid or mechanical compliance with its provisions. The trial court should review the defendant's personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services other than confinement. On appellate review of a

3

sentence, the relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *Scott*, 228 So.3d at 211.

A conviction for aggravated assault with a firearm carries a fine of not more than ten thousand dollars or imprisonment for not more than ten years, with or without hard labor, or both. La. R.S. 14:37.4(C). The defendant was sentenced to three years at hard labor; thus, the sentence imposed is less than one-half the maximum sentence.

At the sentencing hearing, Tasheka Stevens testified she was the defendant's live-in girlfriend of eight years, the mother of his three children, and the victim in the case. Ms. Stevens said the defendant was an "awesome" father, involved in the daily upbringing of their children, and supported the family financially. She testified that if the defendant was incarcerated, their family would suffer mentally, physically, and emotionally, and she asked that he not be sent to prison. Ms. Stevens conceded the defendant had committed and been convicted of one battery against her since the instant offense. The defense also called the defendant's brother and mother to testify, both of whom described him as a family man. His mother testified that shortly before the incident, the defendant had gotten into a car accident, resulting in a three-month coma and temporary neurological changes.

The defense requested the defendant be given "a minimal sentence," asserting a long sentence of incarceration would "doom [his family] to poverty." According to the defense, he was not a danger to the community and there were mitigating factors to justify a lesser sentence. The State argued that pursuant to La. Code Crim. P. art. 893(A)(b)(2), the trial court could not suspend the defendant's sentence because aggravated assault with a firearm is designated as a crime of violence under La. Code Crim. P. art. 890.3(C)(19), and in this case, it was committed against a

4

family member or household member.[2] Further, the State remarked on the defendant's repeated criminal conduct.

The trial court provided extensive reasons before imposing sentence, noting both mitigating and aggravating circumstances. According to the trial court, this wasn't a circumstance where somebody just "willy-nilly" shot a gun in the air; rather, the victim, Ms. Stevens, had just dropped off the children and "there was something going on where [the defendant] fired shots." The trial court noted that after this occurred, the defendant was involved in two additional incidents, one of which involved the same victim in a domestic situation. The trial court found Ms. Stevens's testimony presented mitigating circumstances, noting, "hearing the testimony and having a perspective of what happens when we leave here today does mitigate it further than what [the trial court] initially thought." The trial court found La. Code Crim. P. art. 893(A)(b)(2) applicable, and that the sentence could not be suspended. The trial court concluded that the law and situation required a term of imprisonment, and after considering the totality of the circumstances, found a sentence of three years at hard labor to be appropriate.

Based on our review of the record, we find the trial court adequately considered the mitigating factors, fully considered the sentencing alternatives, and individualized the sentence to the defendant. Though the defendant argues a probated sentence is more appropriate given his circumstances, the relevant question is whether the trial court abused its broad sentencing discretion, not whether another

---

[2] Louisiana Code of Criminal Procedure article 893(A)(b)(2) provides as follows:

> The court shall not suspend the sentence of a conviction for an offense that is designated in the court minutes as a crime of violence pursuant to Article 890.3, except a first conviction for an offense with a maximum prison sentence of ten years or less that was not committed against a family member or household member as defined by R.S. 14:35.3, or dating partner as defined by R.S. 46:2151. The period of probation shall be specified and shall not be more than five years.

Louisiana Revised Statutes 14:35.3(B)(5) defines a "Household member" as "any person presently or formerly living in the same residence with the offender and who is involved or has been involved in a sexual or intimate relationship with the offender[.]"

sentence might have been more appropriate. *Scott*, 228 So.3d at 211. Considering the facts of the offense, the nature and background of the defendant, and the trial court's reasons for imposing sentence, we find the sentence is not grossly disproportionate to the severity of the offense. Therefore, we find the trial court did not abuse its discretion in sentencing the defendant to three years at hard labor, and this assignment of error lacks merit.

**CONVICTION AND SENTENCE AFFIRMED.**