STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

DOCKET NUMBER
2024 KA 0586

STATE OF LOUISIANA

VERSUS

AVIS JAMES WILLIAMS

Judgment Rendered: _____ FEB 2 8 2025 _____

* * * * *

ON APPEAL FROM THE
THIRTY-SECOND JUDICIAL DISTRICT COURT, DIVISION E
IN AND FOR THE PARISH OF TERREBONNE
STATE OF LOUISIANA
DOCKET NUMBER 641,477

HONORABLE RANDALL L. BETHANCOURT, JUDGE PRESIDING

* * * * *

Jane L. Beebe
Louisiana Appellate Project
Addis, Louisiana

Attorney for Defendant-Appellant
Avis James Williams

Joseph L. Waitz, Jr.
District Attorney
Joseph S. Soignet
Special Prosecutor
Dennis Elfert
Carli Worsham
Assistant District Attorneys
Houma, Louisiana

Attorneys for Appellee
State of Louisiana

and

Avis Williams
Kinder, Louisiana

*Pro Se*

**BEFORE:  WOLFE, MILLER, and GREENE, JJ.**

**GREENE, J.**

The defendant, Avis James Williams, was convicted of possession of a Schedule II controlled dangerous substance (cocaine), a violation of La. R.S. 40:967(C). The State filed a habitual offender bill of information. After a hearing, the trial court adjudicated the defendant a fourth-felony habitual offender and sentenced him to 30 years imprisonment at hard labor without benefit of probation or suspension of sentence. The defendant appealed. After review, this Court affirmed his conviction, habitual offender adjudication, and sentence. *See State v. Williams*, 2014-1533 (La. App. 1 Cir. 9/18/15), 2015 WL 5515050 (unpublished) *(Williams I)*, *writ not considered*, 2015-2286 (La. 4/22/16), 191 So.3d 1039.[1]

In May 2021, the defendant filed an application for post-conviction relief, claiming he received ineffective assistance from his attorney at sentencing; the trial court signed a judgment denying the application. This Court vacated the judgment and remanded the case to the trial court to reconsider in light of *State v. Harris*, 2018-1012 (La. 7/9/20), 340 So.3d 845.[2] *See State v. Williams*, 2021-1016 (La. App. 1 Cir. 10/12/21), 2021 WL 4753052 (unpublished). On May 5, 2023, the trial court signed a judgment granting the defendant's application for post-conviction relief and vacating his habitual offender sentence. After a hearing on June 8, 2023, the trial court resentenced him to 20 years imprisonment at hard labor without benefit of probation or suspension of sentence. The defendant filed a motion for reconsideration of sentence/downward departure, which the trial court denied without a hearing.[3] The defendant now appeals.

---

[1] In *Williams I*, the defendant assigned error to his sentence as unconstitutionally excessive. The *Williams I* Court found review of that assignment of error was procedurally barred because the defendant failed to file a motion to reconsider sentence after being sentenced. *Williams I*, 2015 WL 5515050 at *1.

[2] In *Harris*, the Louisiana Supreme Court found that an attorney's failure to object to the life sentence or file a motion to reconsider at the habitual offender proceedings deprived the defendant of an important judicial determination by the trial court and deprived the appellate court of an opportunity to review the trial court's decisions or errors of law. As a result, the *Harris* Court allowed the defendant, on collateral review, to assert his claim that counsel was ineffective for failing to challenge his sentence on appeal and remanded the matter to the trial court for an evidentiary hearing on the defendant's claim. *See Harris*, 340 So.3d at 858.

[3] Under La. C.Cr.P. art. 881.1(D), the trial court may *deny* a motion to reconsider sentence without a hearing but may not *grant* a motion to reconsider without a contradictory hearing. If the court denies the motion without a hearing, the party who made or filed the motion may proffer the evidence he would have offered in support of the motion.

In a single counseled assignment of error, he contends his habitual offender sentence is constitutionally excessive. In a *pro se* brief, he also contends that he received ineffective assistance of counsel at resentencing. After review, we affirm.

## FACTS

On July 16, 2011, Terrebonne Parish Sheriff's Office Deputy Keith Bergeron conducted a traffic stop on Savannah Drive in Gray, Louisiana, and recognized the defendant from previous encounters. Deputy Bergeron searched the defendant and found a small cellophane bag containing suspected cocaine in his left pants pocket. He also found a pack of cigarettes containing what appeared to be a marijuana "joint," but after testing, was found to contain cocaine. Subsequent testing demonstrated that the total amount of cocaine defendant had in his possession was less than two grams.

## EXCESSIVE SENTENCE

The Eighth Amendment to the United States Constitution and Louisiana Constitution Article I, §20 prohibit the imposition of cruel or excessive punishment. Although a sentence falls within statutory limits, it may be constitutionally excessive. *See State v. Sepulvado*, 367 So.2d 762, 767 (La. 1979). A sentence is considered constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. *State v. Scott*, 2017-0209 (La. App. 1 Cir. 9/15/17), 228 So.3d 207, 211, *writ denied*, 2017-1743 (La. 8/31/18), 251 So.3d 410. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks one's sense of justice. *Id.* The trial court has great discretion in imposing a sentence within statutory limits, and an appellate court will not set aside such a sentence as excessive in the absence of an abuse of that discretion. *Id.*

Louisiana Code of Criminal Procedure article 894.1 sets forth the factors the trial court must consider before imposing sentence. The trial court need not recite the entire checklist of La. C.Cr.P. art. 894.1, but the record must reflect the trial court adequately considered the criteria. *Scott*, 228 So.3d at 211. The trial court should consider the defendant's personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through

3

correctional services other than confinement. *See State v. Kitchen*, 2022-1274 (La. App. 1 Cir. 4/14/23), 363 So.3d 1254, 1257-58, *writ denied*, 2023-00589 (La. 12/5/23), 373 So.3d 716. On appellate review of a sentence, the relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *Scott*, 228 So.3d at 211.

In 2011, at the time the defendant committed the underlying offense, the sentencing range for possession of cocaine was imprisonment with or without hard labor for not more than five years.[4] *See* La. R.S. 40:967(C)(2). For a fourth-felony habitual offender, the Habitual Offender Law then in effect prescribed a sentencing range of "not less than the longest prescribed for a first conviction *but in no event less than [20] years and not more than his natural life.*"[5] *See* La. R.S. 15:529.1(A)(4)(a) (2011 version) (emphasis added). Thus, the defendant's sentencing exposure as a habitual offender was 20 years to life imprisonment. At the resentencing hearing, the trial court resentenced him to the mandatory minimum sentence of 20 years imprisonment at hard labor.

In *State v. Dorthey*, 623 So.2d 1276, 1280-81 (La. 1993), the Louisiana Supreme Court opined that if a trial court were to find that the punishment mandated by the Habitual Offender Law makes no "measurable contribution to acceptable goals of punishment" or is nothing more than "the purposeful imposition of pain and suffering" and "is grossly out of proportion to the severity of the crime," the trial court has the option, indeed the duty, to reduce the sentence to one that would not be constitutionally excessive. However, a sentencing court must always start with the presumption that a mandatory minimum sentence under the Habitual Offender Law is constitutional. *State v. Johnson*, 97-1906 (La. 3/4/98), 709 So.2d 672, 676. A court may only depart from the minimum sentence under the Habitual Offender Law if it finds there is clear and

---

[4] The penalty for possession of cocaine also included a fine of not more than $5,000. *See* La. R.S. 40:967(C)(2) (2011 version).

[5] In its appellate brief, the State notes the defendant was technically sentenced as a fourth or subsequent-felony offender. The State indicates, while it filed a bill of information setting forth six predicate offenses, it only offered proof of four of those at the habitual offender hearing.

convincing evidence in the particular case before it that rebuts the presumption of constitutionality. *Id.*

In *Johnson*, the Supreme Court stated, to rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that he is exceptional, which means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. *Johnson*, 709 So.2d at 676; *State v. Harris*, 2022-1190 (La. App. 1 Cir. 6/2/23), 369 So.3d 447, 452. It is not the role of the sentencing court to question the wisdom of the legislature in requiring enhanced punishments for multiple offenders. Instead, the sentencing court is only allowed to determine whether the particular defendant before it has proven that the mandatory minimum sentence is so excessive in his case that it violates our constitution. Departures downward from the minimum sentence under the Habitual Offender Law should occur only in rare situations. *See Johnson*, 709 So.2d at 677.

In reviewing whether the trial court properly sentenced the defendant below the mandatory minimum sentence, the *Johnson* Court noted the defendant in that case was caught smoking crack cocaine and indicated whether he had a full crack pipe or only residue was insignificant under the law as either amounted to possession of a Schedule II controlled dangerous substance, punishable with up to five years imprisonment with or without hard labor as a *first* felony offender. *See Johnson*, 709 So.2d at 677-78. The *Johnson* Court concluded that a 20-year sentence clearly contributed to the sentencing goals of punishment and deterrence and found the defendant failed to clearly and convincingly show that the mandatory minimum sentence for him as a fourth-felony offender was excessive. *See Johnson*, 709 So.2d at 678.

Here, the defendant argues his case merits a downward departure from the mandatory minimum sentence. He contends that he is exceptional because the mandatory minimum sentence does not take into consideration his mental deficiencies and drug addiction at the time of the offenses. The defendant further points to a 2017 legislative change in the penalty for offenders convicted of possessing less than two

5

grams of cocaine, which now carries a maximum penalty of two years. He contends that he has achieved the goal of the Habitual Offender Law by actively rehabilitating himself to become a productive member of society. He further contends any additional time in custody of the Department of Corrections would make no measurable contribution to the acceptable goals of punishment and is nothing more than the purposeful imposition of pain and suffering.

After review, beginning with the presumption that the defendant's 20-year sentence is constitutional, we conclude he has failed to rebut that presumption by clear and convincing evidence. First, regarding defendant's mental deficiencies, the defendant filed his prison mental health records,[6] which show that, in 2002, while incarcerated, he was diagnosed with and was prescribed medications for schizophrenia. The records show that, while still incarcerated, he continued to receive mental health treatment through 2006, reporting feeling better on medications, but did not consistently follow his treatment plan. The defendant's prison mental health records are dated from 2002 through 2006. As such, these records do not prove a mental deficiency that would explain the defendant's lawlessness several years before or after his incarceration. Further, the defendant's mental health records are not proof that he had a drug addiction during the commission of any of the offenses at issue, which at least included: a simple robbery committed in 1993; battery of a police officer committed in 1998; attempted possession of cocaine committed in 2010; and possession of cocaine committed in 2011.[7] Even if the defendant was addicted to drugs during the relevant time periods, drug addiction, even if coupled with non-violent offenses, is insufficient to rebut the presumption of the constitutionality of a defendant's enhanced sentence under the Habitual Offender Law. *See State v. Smith*, 47,285 (La. App. 2 Cir. 9/26/12), 105 So.3d 744, 750, *writ denied*, 2012-2404 (La. 4/1/13), 110 So.3d 577; *State v. Stevenson*, 2002-769 (La. App. 5 Cir. 1/28/03), 839 So.2d 340, 345.

---

[6] Although the trial court signed an order directing the Terrebonne Parish School District to release the defendant's school records, including special education class records, the Terrebonne Parish School District had no such records.

[7] The defendant also had a prior conviction for sexual battery committed in 1989. Although listed as a predicate offense on the habitual offender bill of information, this predicate was apparently not listed on the sentencing commitment order.

Second, although the legislature's 2017 change to a statute to lessen the penalty is a relevant sentencing consideration, it is but one factor in the analysis; without proof that the defendant's history is otherwise exceptional, the prospective change in the law to lessen the penalty for possession of cocaine is not enough to justify a downward departure. *See State v. Scott*, 2005-0325 (La. App. 1 Cir. 11/4/05), 927 So.2d 441, 450-51; *also see State v. Chaney*, 2020-0981 (La. App. 1 Cir. 6/4/21), 327 So.3d 1038, 1044-45, *writ denied*, 2021-01204 (La. 11/10/21), 326 So.3d 1251 (noting an amendment to a criminal statute alone does not guarantee application of the statute's ameliorative effects to those already convicted).

Third, regarding the defendant's rehabilitative efforts, we note that, at resentencing, his attorney introduced the suit record, which included numerous certificates showing the defendant's participation in and completion of rehabilitative programs from 2014 through 2022 and his award of a Louisiana High School Equivalency Diploma in March 2022. The trial court indicated it was aware of this evidence. The defendant's efforts at rehabilitation are admirable. However, a defendant obviously has an incentive for good behavior while he is awaiting sentence (or, here, resentencing), but such good behavior does not render him exceptional. *Smith*, 105 So.3d at 750.

The defendant's sentence for possession of cocaine was enhanced because of his continued lawlessness. Similar to the defendant in *Johnson*, even possession of a minimal amount of cocaine remains a violation of the law and does not merit a downward departure. Further, the defendant has multiple felony convictions, including several crimes of violence.[8] The defendant has not clearly and convincingly shown that a mental deficiency, a drug addiction, a subsequent lessened penalty for possession of cocaine, or his later rehabilitative efforts, singularly or cumulatively, make him exceptional, such that the sentence is not meaningfully tailored to his culpability, the gravity of the offenses, and the circumstances of this case. *See Johnson*, 709 So.2d at 676. Accordingly, no

---

[8] In *Williams I*, we noted defendant has prior convictions for sexual battery, second degree battery, simple robbery, battery of a police officer, and attempted possession of cocaine. *See State v. Williams*, 2015 WL 5515050 at *1, n.2. All of these crimes are crimes of violence, except for attempted possession of cocaine. *See* La. R.S. 14:2(B)(6), (12), (23), and (41). (Defendant contends that battery of a police officer was not a designated crime of violence under La. R.S. 14:2 at the time he committed the offense.) The legislature added battery of a police officer to La. R.S. 14:2(B)'s list of crimes of violence in 2008. *See* La. Acts 2008, No. 619, §1.

downward departure from the presumptively constitutional mandatory minimum sentences is warranted. Particularly considering that the defendant received the lowest sentence within the sentencing range that included a life sentence, we find the imposed sentence is not grossly disproportionate to the severity of the offenses and, therefore, is not one of the rare situations where a downward departure from the mandatory minimum sentence is warranted. *See Johnson*, 709 So.2d at 677. For the foregoing reasons, we affirm defendant's habitual offender sentence. This assignment of error is without merit.

## INEFFECTIVE ASSISTANCE OF COUNSEL AT RESENTENCING

In his *pro se* brief, the defendant claims his attorney failed to conduct his own, independent investigation and produce mitigating evidence to the trial court at the resentencing hearing. The defendant contends his attorney relied solely on evidence that he himself submitted via a *pro se* pleading. He claims his attorney failed to meet with him prior to the resentencing hearing to prepare argument for a downward departure and further claims that his attorney only presented argument and no actual evidence in support of his request for downward departure.[9]

A claim of ineffective assistance of counsel is more properly raised by an application for post-conviction relief in the trial court where a full evidentiary hearing may be conducted. However, in the interest of judicial economy, an appellate court may address the issue of ineffective assistance, where the record discloses evidence needed to decide the issue, and the defendant raises the issue by assignment of error on appeal. *State v. Kimble*, 2023-0176 (La. App. 1 Cir. 9/21/23), 376 So.3d 869, 875. A court analyzes an ineffective assistance of counsel claim under the two-pronged test developed by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must show that (1) his attorney's performance was deficient, and (2) the deficiency prejudiced him. *Kimble*, 376 So.3d at 875. To show prejudice, the defendant must demonstrate that, but for the attorney's

---

[9] The defendant further claims his attorney was "cheering for the State[,] arguing that his client's desires to have his sentence considered under downward departure [was] 'nonsensical'." This is a misrepresentation of the attorney's statement during the resentencing hearing and is taken out of context. The record shows the defendant's attorney advised him that they were before the trial court only for resentencing, following the granting of post-conviction relief in the defendant's favor. Counsel then stated: "[the defendant] is advocating for an *Alford* plea and to be released today, which is 'nonsensical'."

8

unprofessional errors, the proceeding would have resulted differently. *Id.* It is unnecessary to address both prongs of the *Strickland* test, if the defendant makes an inadequate showing as to one prong. *Id.*

We find no merit to defendant's ineffective assistance argument. He has failed to show how his attorney's failure to investigate and present additional mitigation evidence prejudiced him. As noted, at the resentencing hearing, the defendant's attorney introduced the suit record, including certificates showing defendant's participation in and completion of rehabilitative programs. He argued that, currently, the minimal amount of cocaine the defendant possessed, absent a multiple offender bill, would only merit a maximum of two years imprisonment – as such, he argued the imposition of a 20-year sentence was a needless infliction of pain and suffering and specifically requested a downward departure. He also noted that one of the predicate offenses, battery of a police officer, was not a crime of violence when committed.

Also at the resentencing hearing, the defendant sought a continuance so he could "link up" with his attorney and present further mitigation evidence. The trial court asked the defendant what further evidence he had. The defendant answered, "I have witnesses, I have documents that could be presented from [the Department of Corrections,] as well as rehabilitation facilities as well as family members, childhood, social history and everything." His attorney then explained that the reason why he did not want to call witnesses was because the defendant had an extensive history of infractions while incarcerated and noted that evidence of this would open the door for the State to present unfavorable evidence that would not help his case.[10] He also noted that evidence of the defendant's efforts at rehabilitation were already in the record.

After the State presented its argument that the defendant's sentence should remain at 30 years imprisonment based on his status as a fourth-felony offender, the trial court resentenced the defendant to the mandatory minimum sentence of 20 years imprisonment at hard labor. The trial court then gave the defendant over 60 days within

---

[10] In a February 21, 2005 Louisiana State Penitentiary Mental Health Team Transfer Summary, it was noted that the defendant had "frequent rule violations for disobedience, sex offenses, and defiance," "numerous write-ups that did not appear to be driven by mental illness," and "a history of occasional non-compliance with treatment."

which to file a motion to reconsider sentence and to present more mitigating evidence in support of his request for a downward departure. The defendant then filed his motion for reconsideration of sentence/downward departure and attached his prison mental health records from 2002 through 2006. In his *pro se* brief, he admits that these records are the additional mitigation evidence his attorney failed to investigate and present to the trial court.

Upon review, we find there was not a reasonable probability that the resentencing court would have departed below the mandatory minimum 20-year sentence had the defendant's attorney presented independent documentation of the defendant's alleged mental deficiencies and drug addiction. While the defendant's history of mental health disorders and substance abuse may be relevant to sentencing, we have already determined that this information does not rise to the level of clear and convincing evidence necessary to rebut the presumption of the sentence's constitutionality. Further, the defendant cannot prove prejudice because he himself filed the mitigation evidence he claims his attorney failed to present. Accordingly, the defendant has shown no reasonable probability that his sentence would have been different.

Accordingly, under *Strickland's* well-established standard for analyzing an ineffective assistance of counsel claim, we find the defendant has failed to demonstrate he was prejudiced by his attorney's decision not to present written documentation related to the defendant's history of mental health and drug addiction. The defendant's contrary argument is without merit.

In sum, we conclude the defendant's mandatory minimum sentence under the Habitual Offender Law is constitutional, and he has no claim for ineffective assistance of counsel at resentencing.

**HABITUAL OFFENDER SENTENCE AFFIRMED.**